UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **JASON THOMAS and JOSEPH HORNER,** *individually and on behalf of those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.**,<br><br>Defendant. | CASE NO. 1:24-cv-422-DRC<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, Jason Thomas and Joseph Horner, on their own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), were employees of Defendant, Mitsubishi Electric Automotive America, Inc. ("Defendant"), and bring this action for unpaid minimum wages, overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), the Ohio Minimum Wage Fair Standards Act ("OMWFSA"), R.C. § 4111 *et seq.*, the Ohio Prompt Pay Act, R.C. § 4113.15 and the Kentucky Wage and Hour Act, KRS Chapter 337.010 *et seq*.

## INTRODUCTION

1. Plaintiffs, individually and on behalf of all others similarly situated, bring this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., and OMWFSA, to recover unpaid minimum and overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendant; (b) a Federal Rule of Civil Procedure 23 class action under the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. §§ 4113.15; and (c) a

1

Federal Rule of Civil Procedure 23 class action under the Kentucky Wage and Hour Act ("KWHA"), KRS Chapter 337.010 *et seq.*

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

4. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

5. Defendant, an electrical and electronic products and systems business headquartered in Mason, Ohio, violated the FLSA and Ohio law by failing to pay Plaintiffs and other similarly-situated employees for all hours actually worked.

6. Defendant, which also has a facility located in Maysville, Kentucky, violated the FLSA and Kentucky law by failing to pay Plaintiffs and other similarly-situated employees for all hours actually worked.

7. This action is intended to include each and every hourly paid employee who performed services on behalf of Defendant during the three years prior to the date of the filing of this Complaint to the present.

## PARTIES

8. Plaintiffs, and those similarly situated individuals, were paid an hourly rate, in exchange for work performed for Defendant.

9. Plaintiff Jason Thomas is an individual and resident of the State of Ohio.

10. Plaintiff Joseph Horner is an individual and resident of the Commonwealth of Kentucky.

11. Plaintiff Jason Thomas was employed by Defendant from approximately June 22, 2019, to February 7, 2025.

12. Plaintiff Joseph Horner was previously employed by Defendant from March 5, 2018, through approximately December 15, 2022.

13. Defendant, Mitsubishi Electric Automotive America Inc., is a Delaware For-Profit Corporation.

14. Defendant operates a facility located at 4773 Bethany Road, Mason, Ohio 45040, which serves as Defendant's U.S. headquarters and principal place of business.

15. Defendant also operates a facility located at 1705 Downing Drive, Maysville, Kentucky, 41056.

16. Defendant can be served through its registered agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

**JURISDICTION**

17. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

18. Plaintiffs' state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution, and therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

19. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant does business within this District.

**COVERAGE**

20. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

21. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

22. Based on information and belief, Defendant has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

23. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. supplies, computers, and/or cash registers).

24. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

## FACTUAL ALLEGATIONS

25. Defendant is a company that manufactures and sells electrical and electronic products and systems used in automobiles.

26. Defendant employs over 1,000 employees, including hourly employees who perform duties that include the production of electrical and electronic products for sale.

27. Defendant is and was an "employer" of Plaintiffs and those similarly situated to them under the FLSA, OMWFSA, OPPA, and KWHA.

28. Plaintiffs were employed by Defendant as hourly, non-exempt "employees" of Defendant as defined by the FLSA, OMWFSA, OPPA, and KWHA.

29. Defendant paid Plaintiffs and those similarly situated to them an hourly rate.

30. Defendant is required to track all hours worked by its hourly employees.

31. Defendant utilizes an electronic timekeeping system to track hours for all hourly employees.

32. This timekeeping system tracks the exact time that these employees clock in and out down to the minute.

33. Defendant could and should pay its employees for all hours worked utilizing this exact data.

34. Instead, Defendant rounded its hourly employees time to each employee's scheduled start and end times.

5

35. For example, if Plaintiffs clocked in nine minutes prior to their scheduled start time, Defendant would round Plaintiffs' clock-in time up to their scheduled start time.

36. Likewise, if Plaintiffs clocked out nine minutes after their scheduled end time, Defendant would round Plaintiffs' clock-out time down to their scheduled end time.

37. As a result of Defendant's policy and procedure, Defendant failed to pay rounded time *at all* to Plaintiffs and those similarly situated.

38. Defendant's policy of rounding time denied pay to Plaintiffs and others similarly situated for which they should have been compensated.

39. The overall effect of Defendant's timekeeping policy, when applied in conjunction with Defendant's other policies and workplace realities, is to deny Plaintiffs and those similarly situated to him for all time worked.

40. As a matter of workplace reality, employees typically clock in a few minutes *before* the scheduled start to their shift and/or clock out a few minutes *after* the scheduled end of their shift, or otherwise clock in and/or out in a way that disproportionally benefits Defendant.

41. Plaintiffs consistently clocked in a few minutes prior to the start of their scheduled shift.

42. Plaintiffs also consistently clocked out shortly after the end of their scheduled shift (although there were occasions when they clocked out early).

43. At all relevant times, Defendant improperly failed to pay Plaintiffs and those similarly situated to them for all hours worked.

44. During their employment, Plaintiffs and those similarly situated worked forty or more hours in one or more workweek(s).

45. At all relevant times, Defendant improperly failed to pay Plaintiffs and those similarly situated to them for all overtime wages owed.

46. Defendant had / has a common pay policy and/or pay practice that fails to pay its hourly employees for all hours worked and/or overtime wages earned, in violation of the federal and state law.

47. As a result, Plaintiffs and those similarly situated, were/are deprived of wages and other damages due to them under federal and state law.

48. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of rounding away the time of Plaintiffs and those similarly situated to them.

49. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

50. Defendant has acted willfully in failing to pay Plaintiffs and those similarly situated to them in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs bring their FLSA and claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated hourly employees of the opt-in collective. The FLSA collective consists of the following:

> **All nonexempt employees of Defendant who worked at either Defendant's Mason, Ohio facility or its Maysville, Kentucky facility at any point from October 24, 2021 to May 11, 2024 ("Collective Members").**

The collective defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

52. Plaintiffs and the Collective Members performed the same or similar job duties as one another in that they performed various production duties performed in Defendant's production facility.

53. Plaintiffs and the Collective Members were all hired by Defendant to perform hourly work in Defendant's production facility.

54. Defendant was an "employer" of the Collective Members under the FLSA and OMWFSA.

55. Plaintiffs and the Collective Members were "employees" of Defendant as defined by the FLSA and OMWFSA.

56. Plaintiffs and the Collective Members were all paid an hourly rate in exchange for the work performed.

57. Plaintiffs and the Collective Members worked similar hours.

58. Defendant failed to pay Plaintiffs and the Collective Members for all hours worked.

59. Further, Defendant failed to pay Plaintiffs and the Collective Members all overtime wages owed.

60. Plaintiffs and the Collective Members were subjected to the same pay provisions, inasmuch as they were not compensated for time that Defendant unlawfully rounded away their time.

61. Defendant's failure to compensate Plaintiffs and the Collective Members for all hours worked, as required by the FLSA and OMWFSA, results from a policy or practice wherein Defendant unlawfully rounded away the time of Plaintiffs and the Collective Members, and thus failed to pay Plaintiffs and the Collective Members for all hours worked, and overtime wages owed, and is applicable to all putative Collective Members herein.

62. These policies or practices were applicable to Plaintiffs and the Collective Members.

63. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of wages to Plaintiffs applies to all Collective Members.

64. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiffs and the class members all hours worked, and overtime wages owed.

65. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

66. Defendant did not have any good faith basis for its failure to pay Plaintiffs and the Collective Members for all hours worked.

67. Defendant has acted willfully in failing to pay Plaintiffs and the Collective Members in accordance with the law.

### CLASS ACTION ALLEGATIONS

68. Plaintiffs also bring a claim under the OPPA, arising out of the same facts as alleged above, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> **All nonexempt employees of Defendant who worked at Defendant's Mason, Ohio facility at any point from October 24, 2021 to May 11, 2024 ("Ohio Class Members").**

The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

9

69. Plaintiffs also bring a claim under the KWHA, arising out of the same facts as alleged above, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> **All nonexempt employees of Defendant who worked at Maysville, Kentucky facility at any point from October 24, 2021 to May 11, 2024 ("Kentucky Class Members").**

The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

70. Plaintiffs' OPPA and KWHA law claims, described in detail below, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

71. The classes number in the hundreds of people. There are approximately 635 Ohio Class Members and approximately 417 Kentucky Class members. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

72. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant violated the OPPA or KWHA by paying Plaintiffs and class members less than all "wages earned" when it rounded their clock in / clock out times to the exclusive benefit of Defendant; and

   b. Whether Defendant acted in good faith.

73. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

74. Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

75. A class action is the superior method for the fair and efficient adjudication of Plaintiffs' claims. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

76. Plaintiffs are adequate representatives of the respective classes because they are a member of each of the classes they seek to represent, and their interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who is experienced prosecuting complex wage and hour, employment, and class action litigation.

77. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**COUNT I – UNPAID MINIMUM WAGES**

78. All of the preceding paragraphs are realleged as if fully stated herein.

79. This claim is brought as part of a collective action by Plaintiffs on behalf of themselves and the Collective Members.

80. Plaintiffs and the Collective Members were not exempt from receiving minimum wages under the FLSA.

81. Defendant failed to pay Plaintiffs and the Collective Members for all hours worked.

82. As a result, Defendant failed to pay Plaintiffs and the Collective Members the minimum wages to which they are entitled under the FLSA.

83. Defendant has engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

84. At all times relevant, Plaintiffs and those similarly situated to him were engaged in commerce and/or production of sale of good for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

85. At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

86. Defendant was required to pay Plaintiffs and the Collective Members the applicable minimum wage for all hours worked from three years prior to the filing of this Complaint to the present.

87. As a result of Defendant's violations of the FLSA, Plaintiffs and the Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

88. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Collective Members.

89. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT II – UNPAID OVERTIME

90. All of the preceding paragraphs are realleged as if fully stated herein.

91. This claim is brought as part of a collective action by Plaintiffs on behalf of themselves and the Collective Members.

92. Plaintiffs and those similarly situated to them were not exempt from overtime under the FLSA.

93. The FLSA and OMWFSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

94. During the relevant time period, Plaintiffs and the Collective Members worked more than forty hours in one or more workweeks.

95. During the relevant time period, Defendant failed to pay Plaintiffs and the Collective Members overtime for hours that they worked in excess of forty hours in a workweek.

96. At all times relevant, Plaintiffs and those similarly situated to them were engaged in commerce and/or production of sale of good for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 207(a).

97. At all times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

13

98. As a result of Defendant's unlawful acts, Plaintiffs and the Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA and OMWFSA.

99. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA and OMWFSA with respect to the compensation of Plaintiffs and the Collective Members.

100. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT III – VIOLATION OF OPPA

101. All of the preceding paragraphs are realleged as if fully stated herein.

102. This claim is brought as part of a class action by Plaintiff Jason Thomas on behalf of himself and the Ohio Class Members.

103. During all relevant times, Defendant was an entity covered by the OPPA, and Plaintiff and the Ohio Class Members have been employed by Defendant within the meaning of the OPPA.

104. The OPPA requires Defendants to timely pay Plaintiffs and the Ohio Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

105. By failing to pay Plaintiffs and the Ohio Class Members all wages due to them under the FLSA, Defendant has also violated the OPPA.

106. Plaintiffs and the Ohio Class Members' unpaid wages, including overtime, remained unpaid for more than thirty days beyond the regularly scheduled paydays.

107. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

108. As a result of Defendants' willful violations, Plaintiffs and the Ohio Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

### COUNT IV – VIOLATION OF THE KWHA

109. All of the preceding paragraphs are realleged as if fully stated herein.

110. This claim is brought as part of a class action by Plaintiff Joseph Horner on behalf of himself and the Kentucky Class Members.

111. During all relevant times, Defendant was an entity covered by the KWHA, and Plaintiff and the Kentucky Class Members have been employed by Defendant within the meaning of the KWHA.

112. The KWHA requires Defendants to pay Plaintiff and the Kentucky Class Members all wages, including overtime for all hours worked over 40 in a workweek, in accordance with KRS 337.285.

113. During the relevant time period, Plaintiff and the Kentucky Class Members worked more than 40 hours in at least one workweek.

114. During the relevant time period, Defendant failed to pay Plaintiff and the Kentucky Class Members overtime for hours that they worked in excess of forty hours in a workweek.

115. By failing to pay Plaintiff and the Kentucky Class Members all wages due to them, Defendant has violated the KWHA.

116. In violating the KWHA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Kentucky law.

117. Defendant has engaged in a widespread policy, pattern, and practice of violating the KWHA, as detailed in this Complaint.

118. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the KWHA with respect to the compensation of Plaintiff and the Collective Members.

119. As a result of Defendant's violations of the KWHA, Plaintiff and the Kentucky Class Members have suffered damages by being denied overtime wages in accordance with the KWHA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to KRS 337.385

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a) That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b) Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq*., and the supporting United States Department of Labor regulations;

(c) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(d) Designation of Plaintiffs as a Class Representatives and counsel of record as Class Counsel;

(e) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

  (f) An injunction requiring Defendant to pay all statutory required wages pursuant to the FLSA, OPPA and KWHA;

  (g) Unpaid wages and liquidated damages under the OPPA and KWHA;

  (h) Pre- and post-judgment interest;

  (i) Attorneys' fees and costs of this action;

  (j) A reasonable incentive award for the lead Plaintiffs to compensate him for the time he spent attempting to recover wages for Collective Members and Class Members and for the risks he took in doing so; and

  (k) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: April 22, 2025

           *s/J. Corey Asay*
           J. Corey Asay
           HKM EMPLOYMENT ATTORNEYS LLP
           312 Walnut Street, Suite 1600
           Cincinnati, Ohio 45202
           T: (513) 318-4496
           F: (513) 318-4496
           E: casay@hkm.com

           *Counsel for Plaintiffs and*
           *those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I filed the foregoing using the Court's CM/ECF system, which I understand will transmit notice to all counsel of record.

*s/J. Corey Asay*
*Counsel for Plaintiffs*
