# Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

**JASON THOMAS AND JASON HORNER**, *individually and on behalf of those similarly situated*,

        Plaintiffs,

v.

**MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.**,

        Defendant.

CASE NO. 1:24-cv-422

Judge Douglas R. Cole

## CLASS AND COLLECTIVE SETTLEMENT AGREEMENT

This Class and Collective Action Settlement Agreement (the "Agreement") is made and entered into by and between Plaintiffs Jason Thomas, Joseph Horner (each a "Named Plaintiff" and together "Named Plaintiffs") and all members of the Settlement Class (defined below), on the one hand, and Mitsubishi Electric Automotive America, Inc. ("MEAA"), on the other hand (collectively, the "Parties"), to resolve all claims and disputes which are the subject of the lawsuit filed by Named Plaintiffs with the U.S. District Court for the Southern District of Ohio, *Thomas et al. v. Mitsubishi Electric Automotive America, Inc.*, Case No. 1:24-cv-422 (the "Action").

## RECITALS

WHEREAS, Named Plaintiff Jason Thomas filed a Complaint in this Action on August 9, 2024, on behalf of himself and all others purportedly similarly situated, alleging that MEAA violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15 ("OPPA"), by failing to pay employees' wages for all time worked and failing to pay overtime, including by rounding employees' timekeeping punch records. *See* ECF Doc. 1.

Docusign Envelope ID: 82075396-B558-4582-9A05-AC43BC4ED42A

WHEREAS, as a condition of this settlement and Agreement, an Amended Complaint shall be filed in this Action additionally including Named Plaintiff Joseph Horner, on behalf of himself and all others purportedly similarly situated, and alleging that MEAA failed to pay employees for all time worked including failure to pay all overtime owed in violation of the FLSA and Ky. Rev. Stat. ("KRS") §§ 337.020-337.385 (the "Kentucky Wages and Hours Act" or "KWHA").

WHEREAS, Named Plaintiffs sought the recovery, on behalf of themselves and the putative FLSA collectives and OPPA and KWHA classes specified in the Complaint and to be specified in the Amended Complaint, of, among other things, unpaid minimum wages, overtime wages, other wages (including straight-time wages), compensatory damages, liquidated damages, attorneys' fees, and costs;

WHEREAS, MEAA denies and continues to deny all of the allegations made by Named Plaintiffs, and denies and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action alleged, or that any claims asserted by Named Plaintiffs may proceed on a class or collective action basis. Nonetheless, without admitting or conceding any arguments, issues, liability, or damages whatsoever, including that any claims alleged may proceed on a class or collective action basis, MEAA has agreed to settle the claims on the terms and conditions set forth in this Agreement to avoid the burden and expense of continuing to defend against the Released Claims (defined below);

WHEREAS, Class Counsel (as defined below) has reviewed and analyzed documents and data produced by MEAA for purposes of mediation;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against MEAA, and the impact of this Agreement on Named Plaintiffs and the Settlement Class;

WHEREAS, based upon their analysis and evaluation of a number of factors, and

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

recognizing the risks of litigation with respect to certain claims, including the possibility that any litigation might result in no recovery or in a recovery that is less favorable to the Settlement Class, and may not occur for several years, or at all, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, adequate, and reasonable and that this Agreement is in the best interests of the Settlement Class;

WHEREAS, the Parties recognize that the outcome in the Action is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, the Parties desire to settle fully and finally the differences between them and have agreed to settle this case as to Named Plaintiffs as well as all individuals comprising the Settlement Class, as defined below;

WHEREAS, the Parties have reached this settlement following a full-day, in-person mediation held on February 7, 2025 (the "Mediation") before a neutral, mutually-selected professional mediator, Michael Russell (the "Mediator"), in Nashville, Tennessee; and

WHEREAS, the Parties agree to undertake their best efforts, including all steps and efforts that may become necessary by order of the Court, to effectuate the terms and purposes of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree, subject to approval of the Court, as follows:

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

## AGREEMENT

### I.  DEFINITIONS

A.  **"Agreement."** "Agreement" means this Agreement, *i.e.*, the Class and Collective Action Settlement Agreement, together with all of its attachments and exhibits, which the Parties understand and agree sets forth all material terms and conditions of the settlement between them, and which is subject to Court approval. It is understood and agreed that the obligations of MEAA for payment under this Agreement are conditioned on, *inter alia*, the occurrence of the Effective Date.

B.  **"Claim Form."** "Claim Form" shall mean the form provided to Settlement Class members, other than the Named Plaintiffs, to submit in order to obtain their individual settlement amount pursuant to this Agreement.  The Claim Form shall be in the form attached as Exhibit C to this Agreement.

C.  **"Class Counsel" or "Plaintiffs' Counsel."** "Class Counsel" or "Plaintiffs' Counsel" means HKM Employment Attorneys LLP, including J. Corey Asay thereof.

D.  **"Class Member." "**Class Member" means all Participating Class Members and any other Settlement Class Employee who does not opt out in the manner prescribed in Paragraph IV.B.4 of this agreement, and thus means all individuals who will become bound by the Released State and Local Law Claims portion of the Judgment and this Agreement if the Effective Date occurs.

E.  **"Class Representatives."** "Class Representatives" means Named Plaintiffs Jason Thomas and Joseph Horner.

F.  **"Complaint."** "Complaint" means the Class and Collective Action Complaint dated August 9, 2024, filed by Named Plaintiff Jason Thomas in the Action and all subsequent

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

amendments thereto, including the Amended Complaint to be filed by Named Plaintiffs Jason Thomas and Joseph Horner pursuant to this Agreement.

G.    **"Counsel for MEAA" or "Defense Counsel."** "Counsel for MEAA" or "Defense Counsel" means Morgan, Lewis & Bockius LLP, including Barbara J. Miller, Jonathan D. Lotsoff, and Hannah B. Fisher thereof, and Dinsmore & Shohl LLP, including Jeremy Smith and Allison Goico thereof.

H.    **"Court."** "Court" refers to the Court having jurisdiction over the Action, at any stage; presently the U.S. District Court for the Southern District of Ohio.

I.    **"Effective Date."** "Effective Date" means the date on which the Judgment becomes a Final Judgment.

J.    **"Eligible Workweeks."** "Eligible Workweeks" means the number of workweeks worked by a Settlement Class Employee as a non-exempt employee of MEAA at its facility or facilities in Mason, Ohio and/or Maysville, Kentucky between (and including) October 24, 2021 and May 11, 2024.  If a Settlement Class Employee is a member of both the Mason, Ohio Settlement Class Employees and the Maysville, Kentucky Settlement Class Employees during the same workweek, that workweek shall only be counted once for the calculation of Eligible Workweeks.

K.    **"Employer Payroll Taxes."** "Employer Payroll Taxes" means the employer's share of federal and state taxes and withholdings an employer is required to make arising out of or based upon the payment of employment/wage compensation in this Action, including FICA, FUTA, and SUTA obligations.

L.    **"Final Approval."** "Final Approval" means the date the Court enters an Order finally approving the settlement and this Agreement, and dismissing the Action against MEAA

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

with prejudice, while still retaining continuing jurisdiction over the administration of the settlement.

M.     **"Final Approval Order."** "Final Approval Order" means an order that finally and unconditionally grants final approval of the settlement and this Agreement, grants final certification of the Settlement Class for settlement purposes only, authorizes payments to the Named Plaintiffs and the Participating Class Members as provided in this Agreement, and fully and finally extinguishes (i) the Released State and Local Law Claims of the Class Members; and (ii) the Released Federal Law Claims of the Participating Class Members. The Parties shall submit a draft order, entitled "Order Granting Final Approval of Class Settlement," similar to the form attached hereto as Exhibit D, for the Court's review and approval.

N.     **"Final Judgment."** "Final Judgment" means fifteen (15) calendar days after the latest of: (i) the date of final affirmance on an appeal of the Judgment, or the expiration of time for a petition for a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.

O.     **"Final Settlement Approval Hearing."** "Final Settlement Approval Hearing" means a hearing set by the Court to take place at least one hundred and sixty (160) calendar days from the date of the entry of the Preliminary Approval Order, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Agreement terms and associated settlement pursuant to class action procedures and requirements; (ii) approving Class Counsel's attorneys' fees and costs; (iii) approving the payment of the Service Payments; and (iv) entering Judgment.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

P.    **"Judgment."** "Judgment" means the judgment to be rendered by the Court pursuant to this Agreement.

Q.    **"Mason, Ohio Settlement Class Employees."** "Mason, Ohio Settlement Class Employees" means all non-exempt employees of MEAA who worked at its facility in Mason, Ohio at any point from October 24, 2021 to May 11, 2024.

R.    **"Maximum Settlement Fund."** "Maximum Settlement Fund" means the gross aggregate amount of $515,000.00, which is the maximum amount that MEAA has agreed to pay to fully and finally resolve and settle this Action, including without limitation any claim for attorneys' fees and costs approved by the Court; the employee share of payroll taxes and all other applicable taxes other than the Employer Payroll Taxes; any and all amounts to be paid to Participating Class Members; the Settlement Administration Costs; any Court-approved Service Payments; and the Reserve Fund. MEAA will not under any circumstances be required, and is not agreeing, to pay under this Agreement (or otherwise) any more than the gross total of $515,000.00, except for the Employer Payroll Taxes, which MEAA shall pay independent of and in addition to the Maximum Settlement Fund.

S.    **"Maysville, Kentucky Settlement Class Employees."** "Maysville, Kentucky Settlement Class Employees" means all non-exempt employees of MEAA who worked at its facility in Maysville, Kentucky at any point from October 24, 2021 to May 11, 2024.

T.    **"Named Plaintiffs."** "Named Plaintiffs" means Jason Thomas and Joseph Horner.

U.    **"Net Settlement Amount."** "Net Settlement Amount" means the Maximum Settlement Fund less Class Counsel's attorneys' fees and costs, the Service Payments, the Settlement Administration Costs, and the Reserve Fund.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

V. **"Opt-Out Statement."** "Opt-Out Statement" means a written and signed request by a Settlement Class Employee to be excluded from the Settlement Class, which must be submitted in the manner and within the time period set forth in the Proposed Settlement Notice, described in Paragraph IV.B.4.b.

W. **"Participating Class Member."** "Participating Class Member" means any Settlement Class Employee who timely submits a valid and complete Claim Form on or before the Participation Deadline in accordance with Paragraph IV.B.4 of this Agreement, any Settlement Class Employee whose Claim Form is accepted in accordance with Paragraph IV.C below, and the Named Plaintiffs, it being agreed that the Named Plaintiffs do not need to submit a Claim Form in order to become a Participating Class Member. "Participating Class Member" thus means all individuals who will become bound by the Released State and Local Law Claims and the Released Federal Law Claims portions of the Judgment and this Agreement if the Effective Date occurs.

X. **"Participation Deadline."** "Participation Deadline" shall mean the date that is sixty (60) calendar days after the Settlement Administrator first mails the Notice and Claim Forms to the Settlement Class Employees pursuant to Paragraph IV.B.3 of this Agreement, and by which Settlement Class Employees must submit their Claim Forms, Opt-Out Statements, or Objections, if any, except that if the Settlement Administrator re-mails the Claim Form to any individual pursuant to Paragraph IV.B.3 of this Agreement because the first mailing was returned as undeliverable, the Participation Deadline for such individuals shall be the earlier of thirty (30) calendar days from the date the Notice and Claim Form was mailed to the additional address or seventy-five (75) calendar days from date the Settlement Administrator first mailed the Notice to the Settlement Class Employees. If the Participation Deadline falls on a Sunday or holiday, the deadline shall be the next business day that is not a Sunday or holiday.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Y.     **"Parties**." "Parties" shall refer to the Named Plaintiffs and MEAA.

Z.     **"Preliminary Approval."** "Preliminary Approval" means the date on which the Court preliminarily approves the terms of the Parties' settlement and this Agreement and certifies a class action for settlement purposes only, as provided in Paragraph IV.A.

AA.     **"Preliminary Approval Order."** "Preliminary Approval Order" means an order to be entered and filed by the Court preliminarily approving the terms contained in this Agreement and certifying a class action for settlement purposes only as provided in Paragraph IV.A. The Parties shall submit a draft order, entitled "Order Granting Preliminary Approval of Class Action Settlement," substantially in the form attached hereto as Exhibit B, for the Court's review and approval.

BB.     **"Proposed Settlement Notice" or "Notice."** "Proposed Settlement Notice" or "Notice" means the Notice Regarding Proposed Settlement of Class Action to be sent to all Settlement Class Employees after the Court grants Preliminary Approval of the Agreement, substantially in the form attached to this Agreement as Exhibit A.

CC.     **"Released Claims."** "Released Claims" means the Released State and Local Law Claims and the Released Federal Law Claims.

DD.     **"Released State and Local Law Claims."** "Released State and Local Law Claims" means the released claims identified in Paragraph III.E.1.

EE.     **"Released Federal Law Claims."** "Released Federal Law Claims" means the released claims identified in Paragraph III.E.2.

FF.     **"Released Parties."** "Released Parties" means MEAA and its present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities and/or its or their present and former officers, partners, directors,

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them.

GG.  **"Reserve Fund."** "Reserve Fund" means a fund in the amount of $5,000.00, allocated from the Maximum Settlement Fund, that the Settlement Administrator may use, with joint approval from MEAA and Class Counsel, to make payments to Participating Class Members who dispute their Settlement Check allocation amounts, to individuals who were not identified as Settlement Class Employees but have a good faith claim for participation in this settlement, or for any other reasonable purpose necessary to effectuate the settlement.

HH.  **"Service Payments."** "Service Payments" means the amounts approved by the Court to be paid to Named Plaintiffs as described in Paragraph III.C, in addition to their Settlement Checks as Participating Class Members, in recognition of their efforts in coming forward as Named Plaintiffs, assisting in the prosecution of the Action, or otherwise benefiting the Settlement Class.

II.  **"Settlement Administrator."** "Settlement Administrator" refers to ILYM Group, Inc., the settlement administrator selected by the Parties.

JJ.  **"Settlement Administration Costs."** "Settlement Administration Costs" means the reasonable fees and costs incurred by the Settlement Administrator in administering the settlement as described in this Agreement.

KK.  **"Settlement Checks."** "Settlement Checks" means the checks issued to Participating Class Members for their share of the Net Settlement Amount calculated in accordance with this Agreement.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

LL. **"Settlement Class Employees" or "Settlement Class."** "Settlement Class Employees" or "Settlement Class" means all Mason, Ohio Settlement Class Employees and Maysville, Kentucky Settlement Class Employees.

MM. **"Unclaimed Funds."** "Unclaimed Funds" shall mean the aggregate amount of the Net Settlement Amount not claimed in a timely and valid manner pursuant to Paragraph IV.D of this Agreement, and not otherwise accepted pursuant to Paragraph IV.C of this Agreement.

## II. CERTIFICATION OF THE CLASS AND COLLECTIVE FOR PURPOSES OF SETTLEMENT ONLY

A. The Parties stipulate for settlement purposes only that the requirements for collective certification under 29 U.S.C. § 216(b) and the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) are met as to the Mason, Ohio Settlement Class Employees and the Maysville, Kentucky Settlement Class Employees respectively, provided however that the stipulations in this Paragraph are made solely for purposes of this Agreement. The Parties agree that the stipulations and the terms of this Agreement are in no way an admission that class or collective action certification, including conditional collective action certification, is or would be proper in this Action, and neither the existence nor the terms of this Agreement or the stipulations herein will be admissible in this or any other action or proceeding as evidence (i) that a determination or admission that any group of similarly situated employees exists to maintain any class action under Rule 23 of the Federal Rules of Civil Procedure (or comparable state laws or rules) or any collective action under the FLSA; (ii) of an adjudication of the merits of the Action; (iii) that MEAA is liable to Named Plaintiffs or the Settlement Class, or any of them; or (iv) of an adjudication of any other matters released in this Agreement.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

## III. PAYMENTS, SETTLEMENT FUND AND ALLOCATION

A. <u>Allocation of the Net Settlement Amount</u>: Each Settlement Class Employee's estimated share of the Net Settlement Amount will be calculated *pro rata* by dividing the Settlement Class Employee's Eligible Workweeks by the total combined Eligible Workweeks for all Settlement Class Employees ("Preliminary Allocation"). Settlement Class Employees who do not timely submit a valid Claim Form or who timely submit a valid opt-out will have their Preliminary Allocation added back to the Net Settlement Amount to be allocated because Participating Class Members. After the expiration of the Participation Deadline and the entry of Final Approval, each Participating Class Member's estimated final share of the Net Settlement Amount will be calculated *pro rata* by dividing the Participating Class Member's Eligible Workweeks by the total combined Eligible Workweeks of all Participating Class Member.

B. <u>Participation in Settlement by Settlement Class Employees</u>

1. Settlement Class Employees who do not opt out in the manner prescribed in Paragraph IV.B.4 of this Agreement may object to the settlement and this Agreement by submitting written objections to the Court by filing and mailing Objections (as defined in Paragraph IV.B.4.c below) so that they are received by the Settlement Administrator and are postmarked no later than the Participation Deadline, and as described in Paragraph IV.B.4.d. The written Objections must contain the name, address, and telephone number of the Settlement Class Employee submitting the Objection and a reference to the Action to be valid. Any Objections must be timely and properly submitted as required in this Paragraph or else they will be waived and invalid. The Proposed Settlement Notice shall advise Settlement Class Employees of this option. The Settlement Administrator shall immediately provide copies of any such Objections to Class Counsel and Counsel for MEAA.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

2.      Settlement Class Employees who submit a Claim Form on or before the Participation Deadline will become Participating Class Members and shall be deemed to have waived the Released Federal Law Claims against the Released Parties (in addition to and without limiting the waiver of the Released State and Local Law Claims by these and other applicable Settlement Class Employees who are Class Members).

C.      <u>Service Payments to Named Plaintiffs.</u> Class Counsel will seek approval from the Court for Service Payments to Named Plaintiffs Jason Thomas in an amount not to exceed the total gross amount of $10,000.00, and Joseph Horner in an amount not to exceed the total gross amount of $2,500.00.  The Service Payments are being sought by Class Counsel in recognition of Named Plaintiffs' efforts to pursue the claims raised in this Action on behalf of the Settlement Class, including assisting Class Counsel with the prosecution of this Action, and in return for their full and complete release of all claims in Paragraph III.E.

MEAA will not oppose Named Plaintiffs' request for the Service Payments in the amounts described above.  In the event that the Court does not approve the amount of the Service Payments to the Named Plaintiffs, the settlement and the actions contemplated by this Agreement will proceed. This Agreement is not contingent upon the Court's approval of the request for the Service Payments in any amount. This Agreement will be modified to reflect any amount that is approved by the Court. Any amounts allocated as the Service Payments for Named Plaintiffs under this Agreement, but not approved by the Court, shall be added to the Net Settlement Amount.

D.      <u>Payment of Attorneys' Fees and Costs.</u> Class Counsel will apply to the Court for approval of attorneys' fees not to exceed one third (1/3) of the Maximum Settlement Fund, or $171,666.67, plus reasonable costs and expenses incurred in an amount not to exceed $15,000.00 MEAA will not oppose such application in these amounts. In the event that the Court does not

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

approve the amount of the requested attorneys' fees or costs, the settlement and the actions contemplated by this Agreement will proceed. This Agreement is not contingent upon the Court's approval of the requested attorneys' fees or costs in any amount and will be modified to reflect the amount(s) approved by the Court. Any amounts allocated as attorney's fees or costs under this Agreement, but not approved by the Court, shall be added to the Net Settlement Amount.

      E.    <u>Release of Claims</u>.

      1.    **Release of State and Local Claims.** Upon the entry of the Final Approval Order and Judgment, each Class Member, on his or her own behalf, and on behalf of his or her respective current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, shall fully release and discharge the Released Parties of and from any and all state and local claims arising from his or her employment that have been asserted in the Action, that are to be asserted by way of amendment of the Complaint, and any and all other claims, known or unknown, of any conceivable kind or nature whatsoever that are based on the pleadings in this matter or that are reasonably related thereto through the date of Preliminary Approval, in law or in equity, including without limitation (except as outlined below) all wage and hour claims under the laws of the State of Ohio (further including without limitation the Ohio Prompt Pay Act, R.C. § 4113.15), the State of Kentucky (further including without limitation KRS 337.020-337.385), and/or any other state and local statute, regulation, constitutional provision, common law doctrine (including without limitation claims for express or implied contract or in tort), public policy, or other source of law, for failure to pay minimum wages; failure to pay overtime wages; failure to pay for all hours worked (including without limitation straight-time wages); and any and all claims for recovery of compensation, overtime pay, minimum wages, other wages, premium pay, interest,

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Docusign Envelope ID: 8207530C-B558-4E83-9A85-AC1B5C4ED42A

liquidated damages, punitive damages and/or penalties, that are related or derivative of the claims released in this Paragraph III.E.1, and attorneys' fees and costs.

      2.    **Release of Federal Law and R.C. 4111 Claims.**  In addition to and without limiting the release provisions of Paragraph III.E.1 above, each Participating Class Member on his or her own behalf, and on behalf of his or her respective current, former and future heirs, assigns, spouses, executors, administrators, agents, and attorneys, shall fully release and discharge the Released Parties from any and all federal claims, and claims arising under Ohio Revised Code § 4111.03 *et seq.*, arising from his or her employment that have been asserted in the Action, that are to be asserted by way of amendment of the Complaint, and any and all other claims, known or unknown, of any conceivable kind or nature whatsoever that are based on the pleadings in this matter or that are reasonably related thereto through the date of Preliminary Approval, in law or in equity, including without limitation all claims under 29 U.S.C. § 206, 207, 211(c), 215(a), or any other provision of the FLSA, and R.C. § 4111.03, further including without limitation all claims for failure to pay minimum wages; failure to pay overtime wages; failure to pay for all hours worked (including without limitation straight-time wages);; failure to timely pay final wages; failure to reimburse for business expenses; failure to furnish accurate wage statements or other notices; failure to keep accurate records; and any and all claims for recovery of compensation, overtime pay, minimum wages, other wages, premium pay, interest, liquidated damages, punitive damages and/or penalties, that are related or derivative of the claims released in this Paragraph III.E.2, and attorneys' fees and costs.

      3.    **Effective Date of Release of Federal Law Claims.**  A Participating Class Member's waiver and release of his or her Released Federal Law Claims, as set forth in Paragraph

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

III.E.2 above, shall be effective upon the date the Settlement Administrator mails his or her Settlement Check.

       4.     **General Release of Claims by Named Plaintiffs Receiving Service Payments.** In addition to and without limiting the foregoing releases and waivers, to the maximum extent permitted by law and in exchange for receiving an Service Payments, the Named Plaintiffs generally release the Released Parties from any and all claims, actions, causes of action, lawsuits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever, whether in law or equity, known or unknown, which the Named Plaintiffs and their heirs, executors, administrators, successors, and assigns have, ever had, may now have, or hereafter later determine that they have or had, against the Released Parties (or any of them) upon, or by reason of, any cause, act, omission or thing whatsoever occurring or existing at any time from the beginning of the world up to and including the date(s) that the Named Plaintiffs execute this Agreement including this General Release, including, but not limited to relating to their employment, further including, but not limited to: (a) claims arising under the Americans With Disabilities Act, the National Labor Relations Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., including but not limited to, breach of fiduciary duty and equitable claims to be brought under §1132(a)(3) ("ERISA"), the Worker Adjustment and Retraining Notification Act, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil Rights Acts of 1866, 1871 and 1991, including Paragraph 1981 of the Civil Rights Act, the Family and Medical Leave Act, the Fair Credit Reporting Act, the Ohio Civil Rights Act, Title 41 of the Ohio Revised Statutes, including without limitation, the Ohio Prompt Payment Act, the Ohio equal pay statute, the Ohio

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Docusign Envelope ID: 8207530C-B558-4F83-9A85-AC1B5C4ED42A

wage payment anti-retaliation statute, the Ohio Workers' Compensation anti-retaliation statute, other miscellaneous labor provisions, the Ohio Whistleblowers' Protection Act, Title 4112 of the Ohio Administrative Code, including without limitation, the Ohio pregnancy and childbirth discrimination provision, the Ohio Minimum Fair Wage Standards Act, the Ohio Constitution, the Kentucky Civil Rights Act; the Kentucky Equal Opportunities Act; the Kentucky Wage Discrimination Because of Sex Law; the Kentucky Equal Pay Act; Title 27 of the KRS, including without limitation the Kentucky Pregnant Workers Act, the Kentucky adoption leave law, the Kentucky wages and hours laws, and the retaliation provision of Kentucky Workers' Compensation Act; Title 5 of the KRS, including without limitation the Kentucky law regarding military leave and re-employment rights; Title 41 of the KRS, including the damages statute; and the Kentucky Occupational Safety and Health Act, including any and all amendments to the foregoing, and/or (b) any other federal, state or local human rights, civil rights, wage-hour, employment, pension, labor, and other law, rule, statute, regulation, constitution, ordinance, public policy, common law provision (including without limitation under contract or tort law), and/or any claim of retaliation under such laws, further including without limitation any claim of breach of any contract (whether express, oral, written or implied from any source), or any claim of intentional or negligent infliction of emotional distress, tortious interference with contractual relations, wrongful or abusive or constructive discharge, defamation, prima facie tort, fraud, negligence, loss of consortium, malpractice, breach of duty of care, breach of fiduciary duty, or any claim or action similar thereto against MEAA or the other Released Parties, including without limitation any claim for attorneys' fees, expenses or costs based upon any conduct, in each and every case from the beginning of the world up to and including the date(s) that the Named Plaintiffs execute this Agreement including the General Release; provided, however, that Named Plaintiffs do not waive

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

any rights to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or any comparable state or local authority, subject to the condition that they agree not to seek, or in any way obtain or accept, any monetary award, recovery or settlement therefrom; and further provided, however, that Named Plaintiffs do not release any claim for a future breach of the terms of the Agreement. Additionally, Named Plaintiffs expressly do not release or waive any workers' compensation claims, unemployment claims, or claims that cannot be released by law.

5. This Settlement is intended to include in its effect all claims identified in this Paragraph III.E, including without limitation claims that each Named Plaintiff does not know or suspect to exist in his or her favor against MEAA or the other Released Parties at the time of the release.

6. The Named Plaintiffs further covenant that, in exchange for receiving a Service Award, they will not participate and/or opt into any other lawsuits or actions against the Released Parties involving or relating to any claims released by this Agreement; will withdraw any opt-in (if any) with respect to any such lawsuit or action; they will dismiss the lawsuit or action, or will dismiss themselves from the lawsuit or action in which they are a claimant, plaintiff or appellant; and they will opt-out of those lawsuits or actions if they become aware of such lawsuits or actions. However, nothing in this Agreement shall preclude Named Plaintiffs from providing truthful testimony required pursuant to subpoena, Court order, or other operation of law.

## IV. THE SETTLEMENT PROCESS

A. <u>Court Approval of Settlement and Dismissal of Case.</u> As soon as practicable and without undue delay, Plaintiffs will seek the Court's Preliminary Approval of the terms of this Agreement (which MEAA will not oppose) and, upon Final Approval, Plaintiffs will seek the

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Court's dismissal of the Action with prejudice, on the condition that the Court retain jurisdiction to administer and enforce the terms of this Agreement, to the extent allowed by law.

1.   Class Counsel shall prepare a draft motion for Preliminary Approval of this Settlement Agreement and shall provide such draft to MEAA's Counsel for review and comment at least five (5) court days prior to filing the motion. The motion shall seek an order that includes the following:

      a.   Preliminarily approving the Settlement;

      b.   Approving as to form and content the Proposed Settlement Notice;

      c.   Directing the mailing of the Proposed Settlement Notice to Settlement Class Employees;

      d.   Conditionally certifying the settlement classes;

      e.   Confirming Named Plaintiffs as class representatives and Plaintiffs' Counsel as Class Counsel;

      f.   Preliminarily approving settlement administration services to be provided by the Settlement Administrator;

      g.   Preliminarily approving the proposed Service Payments to the Named Plaintiffs;

      h.   Preliminarily approving the application for payment of reasonable attorneys' fees and costs to Class Counsel;

      i.   Scheduling a Final Approval Hearing.

2.   The Parties shall cooperate and take all necessary steps to effectuate judicial approval of the Agreement. Should the Court not approve the Agreement, the terms of this Agreement will be null and void, except for its provisions for Limited Confidentiality and Non-Admission of Liability, the Parties will retain all rights and defenses in the Action, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Action will remain inadmissible. In such an event, the Parties agree to negotiate

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

in good faith about appropriate revisions to this Agreement and re-submit any such revised Agreement for the Court's approval. In the event this settlement is never approved by the Court, the Parties will retain all rights and defenses in the Action, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Action will remain inadmissible.

3. Counsel for MEAA shall make any required notices pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

4. <u>Final Approval</u>. At least one hundred and sixty (160) calendar days after entry of the Preliminary Approval Order, the Court shall set the Final Settlement Approval Hearing. Class Counsel shall prepare a draft motion for Final Approval of this Settlement Agreement and shall provide such draft to MEAA's Counsel for review and comment at least five (5) court days prior to filing the motion. At least fourteen (14) calendar days prior to the Final Settlement Approval Hearing, Named Plaintiffs will move the Court for entry of the Final Approval Order and the associated Judgment (which MEAA will not oppose). The Parties shall make all reasonable efforts to secure entry of the Final Approval Order and the associated Judgment. If the Court rejects their request, fails to enter the Final Approval Order, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and MEAA shall have no obligations to make any payments under the Agreement. At the time the motion is filed requesting Final Approval, Named Plaintiffs and Class Counsel also shall make an application for attorneys' fees and costs and the Service Payments. Notwithstanding any order entered on Named Plaintiffs' and Class Counsel's application for awards to them, under no circumstance shall MEAA be required to pay any such awards or any other amounts absent occurrence of the Effective Date.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

B.      <u>Settlement Administration.</u> If the Court grants Preliminary Approval of this Agreement, the parties will use ILYM Group, Inc. (or any other mutually-agreed settlement administrator) to administer the settlement.  Settlement Administration Costs shall be paid from Maximum Settlement Fund.  In no circumstances will any administration of the settlement, including issuance of the Proposed Settlement Notice, occur unless and until the Court grants Preliminary Approval as set forth in Paragraph IV.A. The Parties agree to the following procedure for administration of the settlement:

1.      <u>Collection and Validation of Contact and Payroll Information.</u>

a.      Within thirty (30) calendar days of Preliminary Approval, MEAA shall provide the names and addresses ("Contact Information") and payroll or other data reasonably needed for purposes of allocating the Net Settlement Amount and/or issuing the Settlement Checks ("Payroll Information") of Settlement Class Employees to the Settlement Administrator.  Any and all information, including Social Security Numbers, provided by MEAA to the Administrator shall be held in confidence and shall be used solely for purposes of effectuating this Agreement. The Contact Information and Payroll Information shall not be disclosed to Class Counsel, Named Plaintiffs or Settlement Class Employees.

b.      Upon receipt of the Contact Information, to the extent an address is not provided for a Settlement Class Employee with the Contact Information, the Settlement Administrator shall make reasonable efforts to obtain valid, current addresses for Settlement Class Employees, including validating Contact Information through the national change of address database or other third-party change of address databases prior to sending the Proposed Settlement Notice and thereafter as needed.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

2.      Establishment and Funding of the QSF.

a.      If the Court grants Preliminary Approval of this Agreement, the Settlement Administrator shall establish a QSF pursuant to 26 C.F.R. § 1.468B-1 for the purposes of administering the settlement on or before the Effective Date. The Parties shall provide the Settlement Administrator with all necessary cooperation for the creation of the QSF, including but not limited to the execution of all reasonably necessary documents.

b.      MEAA shall fund the QSF with the Maximum Settlement Fund within thirty (30) calendar days after the Effective Date.

c.      To effectuate the terms of the Settlement and to correct for mathematical or factual errors in the allocations to Class Members, the Settlement Administrator shall allocate from the Maximum Settlement Fund $5,000.00 to create a Reserve Fund, which the Settlement Administrator may use, with approval from MEAA and Class Counsel, to make payments to Participating Class Members who dispute their allocation amounts, to individuals who were not identified as Settlement Class Employees but have a good faith claim for participation in the settlement, or for any other reasonable purpose necessary to effectuate the settlement.

3.      Issuance of Notice.

a.      **Claims-Made Settlement.** Settlement payments will be made on a claims-made basis only.  After the completion of the Participation Deadline, the entire Net Settlement Amount shall be allocated among the Participating Class Members and no funds shall revert to MEAA. The Settlement Administrator will calculate the final amounts due to each Participating Class Member as the Settlement Check as set forth in Paragraph III.A.

b.      **Class Notice for Settlement Class Employees.** Within fourteen (14) calendar days of receiving the Contact Information and Payroll Information, the Settlement Administrator shall mail, via United States mail, postage prepaid, the Proposed Settlement Notice

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Docusign Envelope ID: 8207530C-B558-4E83-9A85-AC1B3C4ED42A

as approved by the Court, in substantially the form attached hereto and made a part of this Settlement Agreement as Exhibit A to all Settlement Class Employees. At that time, the Settlement Administrator shall also email the Notice to all Settlement Class Employees for whom Released Parties have a home email address, by providing them with a link to a case website, established by the Settlement Administrator, at which Settlement Class Employees may view the Notice and electronically submit their Claim Forms if they so choose. The Notice shall inform Settlement Class Employees of their right to opt-out of the settlement, object to the settlement, or elect to participate in the settlement, and the methodology for calculating each Settlement Class Employee's share of the settlement (except that Named Plaintiffs will not be permitted to opt out of the settlement). Seven (7) days before the mailing of the Proposed Settlement Notice, the Settlement Administrator shall provide to Counsel for MEAA a report of all Settlement Class Employees and their estimated Eligible Workweeks and estimated share of the Net Settlement Amount. This information will be kept confidential and for purposes of effectuating the administration of the settlement. The Settlement Administrator shall provide Class Counsel a copy of the report with Employee IDs only; the report provided by the Settlement Administrator to Class Counsel shall not contain Employee names or Employee contact information.

        c.      **Claim Forms for Settlement Class Employees.** Notices mailed to Settlement Class Employees shall include a Claim Form. The mailed Notices and Claim Forms addressed to Settlement Class Employees shall also include a postage prepaid return envelope, using each Settlement Class Employee's last known address as provided by MEAA and as updated by Class Counsel or the Settlement Administrator.

        d.      **Notices Returned as Undeliverable.** If the Notice sent to a Settlement Class Employee is returned as undeliverable, the Settlement Administrator shall

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

forward them to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, the Settlement Administrator shall promptly undertake reasonable steps, including performing a single skip trace, to determine the Settlement Class Employee's current address and, if an additional address is located, to send the Notice to the additional address. Only one (1) additional Notice may be sent to a Settlement Class Employee following a skip trace, except for that the Settlement Administrator shall send a Notice to any Settlement Class Employee who provides the Settlement Administrator with updated address information.

e.  The Settlement Administrator shall give the Parties at least two (2) business days' notice before the Notices and Claim Forms are sent out, and within ten (10) calendar days after the first mailing of Notice, shall notify Class Counsel and Defense Counsel of the precise date of the Participation Deadline. Additionally, Defense Counsel and Class Counsel have the right to make inquiries and receive any information from the Settlement Administrator as is reasonably necessary to the administration of this settlement.

4.  <u>Participation Deadline.</u> Except for Claim Forms accepted in accordance with Paragraph IV.C, Settlement Class Employees shall have until the Participation Deadline to submit a completed Claim Form, opt out of the Settlement, or object to the Settlement as follows:

a.  Settlement Class Employees must submit a completed Claim Form by U.S. Mail and/or email to the Settlement Administrator, and/or electronically through the case website established by the Settlement Administrator in order to be eligible for their Settlement Checks;

b.  Settlement Class Employees (other than the Named Plaintiffs) may request exclusion from the Settlement Class by "opting out," unless he or she becomes a Participating Class Member by submitting a Claim Form, in which case any opt-out request made

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Docusign Envelope ID: 8207530C-B558-4F83-9AB5-AC1B5C4ED42A

by such Participating Class Member shall be deemed null and void. Settlement Class Employees who choose to opt-out of the Settlement Class must timely send a written, signed statement to the Settlement Administrator via First Class United States mail stating that he or she is opting out of the Settlement ("Opt-Out Statement"). The Opt-Out Statement must contain the name, address and telephone number of the Settlement Class Employee to be valid. It must also contain the words "I opt-out from the settlement in *Thomas v. Mitsubishi Electric Automotive America, Inc.*" in order to be valid; or

    c.  Settlement Class Employees who do not opt out of the Settlement Class pursuant to Paragraph IV.B.4, i.e., Class Members, may object to the Agreement and the settlement by timely submitting written objection ("Objection") to the Court and timely mailing copies of their Objection so that it is received by the Settlement Administrator.

    d.  The postmark date of the Notice mailed by the Settlement Administrator to the Settlement Class Employee, and the postmark date of the Claim Form, Opt-Out Statement, or Objection mailed by the Settlement Class Employee to the Settlement Administrator, the email timestamp of a Claim Form emailed by the Settlement Class Employee to the Settlement Administrator, or the electronic submission timestamp of a Claim Form submitted by the Settlement Class Employee to the Settlement Administrator case website, shall be deemed the exclusive means for determining whether a Settlement Class Employee timely submitted his/her Claim Form, Opt-Out Statement, or Objection by the Participation Deadline. In the event that there is no postmark date of a Claim Form, Opt-Out Statement, or Objection that was mailed by the Settlement Class Employee to the Settlement Administrator, it shall be presumed that the Claim Form, Opt-Out Statement, or Objection was mailed three (3) calendar

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

days prior to its receipt by the Settlement Administrator, excluding any Sunday or other day for which no postal service was provided.

   e.  The Settlement Administrator shall notify any Settlement Class Employee who submits a deficient Claim Form or Opt-Out Statement of the deficiency within five (5) business days of receipt. The Settlement Class Employee will have fourteen (14) calendar days after such notification date to cure said deficiencies. Deficient Claim Forms that are not cured within fourteen (14) calendar days shall render the Settlement Class Employee's claim for payment waived, unless the deficiency is excused and the Claim Form accepted in accordance with Paragraph IV.C. Settlement Class Employees whose claims are waived pursuant to this Paragraph, or who fail to cure a deficient Opt-Out Statement within fourteen (14) calendar days, will still be bound by the Releases in this settlement.

   f.  The Named Plaintiffs shall not opt out of the settlement.

   5.  <u>Issuance of Settlement Payments.</u>

   a.  Within fourteen (14) calendar days after the date MEAA funds the QSF with the Maximum Settlement Fund, the Settlement Administrator shall issue (i) Settlement Checks allocated from the Net Settlement Amount in accordance with Paragraph III.A to Participating Class Members; (ii) a wire transfer in the amount of any Court-approved attorneys' fees and costs to Class Counsel; and (iii) checks in the amount of any Court-approved Service Payments to Named Plaintiffs.

   b.  The Settlement Checks shall be valid and negotiable for a period of ninety (90) calendar days from issuance. Any Settlement Checks that are not cashed or deposited within ninety (90) calendar days from issuance ("Unclaimed Checks") shall become void and a stop-payment will be placed. In such event, the amounts associated with the Unclaimed Checks

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

shall be deemed Unclaimed Funds and shall be distributed as described in Paragraph IV.D. Class Members who do not redeem their Settlement Checks shall remain bound by this settlement and the applicable Releases in Paragraph III.E. This Agreement and the associated Final Approval Order and Judgment do not and will not create any unpaid residue or unpaid residual with respect to the Unclaimed Funds, and no distribution of such shall be required. The provisions of any unclaimed property statute or law do not apply to this Action or this Agreement. The outcome of any proceeding related to the distribution of amounts associated with Unclaimed Checks shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion.

      C.     <u>Untimely, Deficient, or Disputed Claims.</u>

      1.     The Settlement Administrator shall promptly advise counsel for the Parties of any Class Members who file late or deficient claims, who dispute their Settlement Check allocation, or individuals who were not identified as Settlement Class Employees but have come forward and seek to participate. MEAA's personnel records reflecting dates a Settlement Class Employee worked during the covered period are presumed to be correct unless that individual submits documents and the Settlement Administrator determines that those documents provide otherwise. MEAA and Class Counsel shall decide using reasonable discretion whether individuals with late, deficient, or disputed claims or any others may participate in the Settlement, and whether their allocation based on the settlement formula should be corrected (if applicable). In the case of late or deficient claims submitted by Class Members, or claims by individuals who were not included in the Contact Information, if any such claims are accepted, such individuals shall be considered Class Members for all purposes under this Agreement. Any individuals whose Claim Forms are accepted or whose allocation is permitted to be increased in accordance with this Paragraph seven (7) or more calendar days prior to the distribution of the Settlement Checks shall be paid from the Net Settlement Amount and the calculations of the Settlement Checks for all other

Class Members adjusted as necessary in accordance with Paragraph III.A.  Any individuals whose Claim Forms are accepted or whose allocation is permitted to be increased in accordance with this Paragraph less than seven (7) calendar days prior to the distribution of the Settlement Checks, or after such distribution, shall be paid from the Reserve Fund (including, if necessary, on a *pro rata* basis).  Once the Net Settlement Amount and the Reserve Fund no longer remain to accept additional claims or adjust allocations, no further claims shall be accepted, or changes to allocations made.  In no event shall the acceptance of any Claim Forms or changes to allocations in accordance with this Paragraph result in MEAA being required to pay more than the Maximum Settlement Fund.

        D.    <u>Unclaimed Funds.</u>

        1.    Any portion of the Net Settlement Amount that is not claimed by Participating Class Members because those individuals did not timely redeem their Settlement Checks ("Unclaimed Funds"), and any portion of the Reserve Fund that is not allocated by the Settlement Administrator to Participating Class Members ("Unused Reserve Funds"), shall be held by the Settlement Administrator.  Within thirty (30) calendar days after the last of the Unclaimed Checks become void and stop-payments are placed, the Settlement Administrator shall distribute any Unclaimed Funds belonging to Mason, Ohio Settlement Class Employees to the State of Ohio Department of Commerce Unclaimed Funds program, and any Unclaimed Funds belonging to Maysville, Kentucky Settlement Class Employees to the Commonwealth of Kentucky Treasurer's Unclaimed Property program.

        2.    Within thirty (30) calendar days after the last of the Unclaimed Checks become void and stop-payments are placed, the Settlement Administrator shall distribute any Unused Reserve Funds to any Participating Class Member on a *pro rata* basis, if economically feasible. If not economically feasible, any Unused Reserve Funds not disbursed shall be tendered

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

by the Settlement Administrator as *cy pres* to the following charitable organizations: (a) Legal Aid Society of Greater Cincinnati; and (b) Legal Aid of the Bluegrass. Each organization shall receive 50% of any Unused Reserve Funds.

      E.    <u>Tax Treatment of Settlement Checks.</u>

      1.    For tax purposes, 50% of each Settlement Check issued to Participating Class Members shall be treated as back wages, and the other 50% of each Settlement Check shall be treated as non-wage amounts including any applicable interest, applicable penalties, liquidated damages and other non-wage relief.

      2.    Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA and FUTA tax, and shall be reported to the Internal Revenue Service ("IRS") and other appropriate taxing authorities (together with the IRS, the "Taxing Authorities") and the payee under the payee's name and Social Security number on an IRS Form W-2. The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Participating Class Member, and shall come out of the Net Settlement Amount. However, payments treated as back wages shall not be made net of any Employer Payroll Taxes, which shall be paid by MEAA independent of and in addition to the Maximum Settlement Fund.

      3.    Payments treated as non-wage amounts, including as interest and/or liquidated damages, shall be made without withholding and shall be reported to the Taxing Authorities and the payee, to the extent required by law, under the payee's name and Social Security number on an IRS Form 1099.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

4. The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, and issuing IRS Forms W-2 and Forms 1099 as appropriate.

F. Tax Treatment of Attorneys' Fees. Class Counsel shall provide the Settlement Administrator with a duly completed IRS Form W-9. The payments provided by Paragraph III.D shall be considered attorneys' fees and reported on behalf of Class Counsel to the Taxing Authorities on a Form 1099 issued to Class Counsel by the Settlement Administrator, provided the Settlement Administrator has timely received a duly completed Form W-9 from Class Counsel.

G. Tax Treatment of Service Payments. The Service Payments paid to Named Plaintiffs under this Agreement shall be reported as non-wage income to the Taxing Authorities on a Form 1099 issued to each Named Plaintiff by the Settlement Administrator.

H. Responsibility for Taxes.

1. MEAA is only responsible for the Employer Payroll Taxes arising from the payments under this Agreement. In the event that it is determined by the Taxing Authorities that Class Counsel, Named Plaintiffs, and/or any Participating Class Member owes any additional taxes with respect to any attorneys' fees or costs, any Service Payments, or any Settlement Check distributed under this Agreement, it is expressly agreed that the determination of any such tax liability is between Class Counsel, Named Plaintiffs, and/or the Participating Class Members and the Tax Authorities, and that MEAA will not be responsible for the payment of any such taxes, including any interest and penalties.

2. Class Counsel, Counsel for MEAA, and MEAA make no representations, and it is understood and Named Plaintiffs agree on behalf of Class Members, that Class Counsel, Counsel for MEAA, and MEAA have made no representations as to the taxability of any portions

of the Settlement Checks to Named Plaintiffs or any Participating Class Member, the payment of any costs or award of attorneys' fees to Class Counsel, or any Service Payment to Named Plaintiffs. Neither Class Counsel nor Counsel for MEAA intend anything contained herein to constitute legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

3.      Named Plaintiffs and/or any Class Member agree to indemnify and hold harmless MEAA and the other Released Parties for any taxes, penalties, interest, or other amounts found or alleged to be due or owing by MEAA or any of the other Released Parties for or on account of any taxes due or owed by Named Plaintiffs and/or any Participating Class Member on any portion(s) of the Settlement Checks to any Named Plaintiffs or any Participating Class Member, or any Service Payments to Named Plaintiffs. Other than as expressly set forth above, and as required by law, MEAA and the Settlement Administrator will not make from the payment to Named Plaintiffs and/or any Participating Class Member any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Final Judgment shall be deemed authority not to make such deductions, withholdings, or additional payments.

4.      Neither this Agreement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Released Parties. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Released Parties' sponsored benefit plans, policies, or bonus programs. The payments made under the terms of this Agreement shall not be applied retroactively, currently, or prospectively, as salary, earnings,

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

wages, or any other form of compensation for the purposes of any Released Parties' benefit plan, policy, or bonus program. Released Parties retain the right to modify the language of Released Parties' benefit plans, policies and bonus programs to effect this intent, and to make clear that any amounts paid pursuant to this Agreement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies, and bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Agreement.

      I.    <u>Other Responsibilities of the Settlement Administrator.</u>

      1.    The Settlement Administrator shall provide periodic updates to Class Counsel and Counsel for MEAA regarding Settlement Class Employee objections, including without limitation upon reasonable request.

      2.    The Settlement Administrator will create the following for purposes of communicating with Settlement Class Employees: toll free telephone number, email address, mailing address, and website. The Settlement Administrator shall keep a log of all communications with any Settlement Class Employees, and shall be responsible for responding to inquiries about the settlement. In the event any Settlement Class Employee contacts the Settlement Administrator and requests to speak to Class Counsel or has a question that seeks legal advice about the settlement, the Settlement Administrator shall inform Class Counsel and provide that person with Class Counsel's contact information, including telephone number, email address, and mailing address. The Settlement Administrator shall forward all other unresolved questions or issues in writing to Class Counsel and Counsel for MEAA, who will work jointly to attempt to provide a resolution.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

3.     In communications to Settlement Class Employees, the Settlement Administrator and the Parties will reasonably cooperate to facilitate the purposes of the settlement.

## V.     NON-ADMISSION OF LIABILITY

This Agreement shall not in any way be construed as an admission by MEAA that it has violated any law or right or otherwise acted wrongfully in any way with respect to Named Plaintiffs, Settlement Class Employees, or any other person, collectively or individually, and MEAA specifically disclaims any liability to or unlawful or other wrongful acts of any kind against Named Plaintiffs, Settlement Class Employees, or any other person, on the part of MEAA or the other Released Parties. Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Action or any other matters released in this Agreement. Accordingly, the Parties agree that none of them has prevailed on the merits; nor shall this Agreement serve or be construed as evidence that (1) any party has so prevailed; (2) MEAA or the other Released Parties have engaged in any wrongdoing of any kind; or (3) any claims may or should proceed on a class or collective action basis against MEAA or the other Released Parties. Nothing in this provision shall prevent the Parties from bringing an action to enforce the terms of this Agreement. The Parties agree that if either Party is found in a final non-appealable judgment by a court of competent jurisdiction to have breached any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred in enforcing the terms and conditions contained herein.

## VI.     RELEASE OF FEES AND COSTS

Named Plaintiffs and Class Counsel understand and agree that any fee and cost payments made under Paragraph III.D of this Agreement will be the full, final, and complete payment by MEAA of all attorneys' fees and costs arising from or relating to the representation of Named

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Plaintiffs, the Class Members, and/or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the Action against MEAA, including without limitation any fees and costs associated with the Mediation and/or with the negotiation, execution, implementation and administration of this Agreement and the settlement. As an inducement to MEAA to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against the Released Parties for attorneys' fees or costs arising from or relating to this matter. As a further inducement to MEAA to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel further understand and agree that the fee and cost payments made pursuant to Paragraph III.D of this Agreement will be the full, final, and complete payment of all attorneys' fees and costs that are released, acquitted, or discharged under this Paragraph and/or that are associated in any way with this Action and this settlement. As further inducement to MEAA to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel covenant, warrant and represent that they will not, nor will any of their employees, agents, or representatives (including without limitation of their firm(s)), file any claims for attorneys' fees or costs against any of the Released Parties, including, but not limited to, bills of costs or requests for attorneys' fees, arising out of or related to the Action, and Named Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge the Released Parties of any liability for such fees and/or costs. Furthermore, Named Plaintiffs and Class Counsel represent and warrant that they are not aware of any attorney, other than Class Counsel, who has any attorney's fee lien on or actual, potential or asserted claim to any proceeds arising out of, by virtue of, or in connection with the Action, and that the terms of this Agreement shall fully satisfy any and all claims arising out of or

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

by virtue of or in connection with the Action.

## VII. USE AND RETURN OF DOCUMENTS

Named Plaintiffs and Class Counsel agree to return and/or destroy all documents and materials designed as "Confidential" and those produced in conjunction with the Parties' Mediation or other settlement negotiations in the matter, and to confirm in writing such return and/or destructions. The Stipulated Mediation Protective Order in the Action (ECF No. 19-1) shall continue in full force and effect in accordance with its terms. All originals, copies, and summaries of documents, presentations, and data provided to Class Counsel by MEAA in connection with the Mediation or other settlement negotiations in this matter, including e-mail attachments containing such materials, may be used only with respect to this settlement, or any dispute between Class Members and Class Counsel regarding the settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.

## VIII. LIMITED CONFIDENTIALITY

Named Plaintiffs and Class Counsel agree not to directly or indirectly (1) publicly disclose the terms of this settlement or Agreement, except in court papers to effectuate the terms of the settlement, to support an adequacy determination in another legal proceeding so long as the disclosure does not include the amount of the settlement (including without limitation the Maximum Settlement Fund, the Net Settlement Amount, the Service Payments, or any settlement payment components), if required by legal process, or if the Settlement Administrator is required by the Court to post the Judgment and/or Final Approval Order on its website; (2) issue or cause to be issued any statements to the media or press; (3) hold a press conference; or (4) otherwise engage in any publicity regarding or disclosure of the Parties' negotiations, the settlement, or this Agreement, whether orally, on a website, on any social media application or platform, in email correspondence, by name or by reference, or otherwise. Named Plaintiffs and Class Counsel

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

further agree not to respond to any press inquiries except to refer reporters to the papers filed with the Court. Notwithstanding the foregoing, Class Counsel may engage in direct communications with Settlement Class Employees, whom Class Counsel represents individually (not solely as a class member), about any matter including their rights and obligations under this Agreement, and the Settlement Administrator may establish a case website as provided under this Agreement.

## IX.  COURT RETAINS JURISDICTION TO ENFORCE AGREEMENT

The Parties shall request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement. This retention of jurisdiction encompasses any disagreement among the Parties concerning the final forms of the Notice or other documents necessary to implement this Agreement, and all other disputes regarding the Agreement and its implementation, and requires that any action to enforce this Agreement shall be commenced and maintained only in this Court.

## X.  GOVERNING LAW

This Agreement is made and entered into in the State of Ohio and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of Ohio and, as applicable, federal law. Any legal action relating to this Agreement shall be brought in this Court before Judge Cole or any judge presiding in his stead, or if jurisdiction in this Court is lacking, in the courts for the State of Ohio and/or the State of Kentucky as required.

## XI.  COOPERATION CLAUSE

The Parties agree to reasonably cooperate to effectuate the settlement of the Action, including securing the Court's approval of the Agreement, assisting with the administration of the settlement in accordance with the terms of this Agreement, and obtaining a final dismissal. The

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Parties further agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the terms and conditions of the Agreement.

## XII.  ASSIGNMENTS

Named Plaintiffs and Class Counsel represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action.

## XIII.  NO REPRESENTATIONS FROM MEAA

Named Plaintiffs and Class Counsel represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by MEAA or by any of its agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement.

## XIV.  RIGHT TO WITHDRAW

A.     MEAA shall have the right to withdraw from, and void *ab initio*, this Agreement at any time prior to the Effective Date upon the occurrence of any one of the following events: (i) MEAA is required to pay more than Maximum Settlement Fund, plus the Employer Payroll Taxes; (ii) more than ten percent (10%) of Settlement Class Employees opt out in the manner prescribed by Paragraph IV.B.4 of this Agreement; (iii) the Court otherwise issues an Order (including without limitation any Preliminary Approval Order) inconsistent with any of the terms of this Agreement; or (iv) Named Plaintiffs or Class Counsel breach this Agreement.

B.     Named Plaintiffs shall have the right to withdraw from, and void *ab initio*, this Agreement at any time prior to the Effective Date if the number of Participating Class Members exceeds 1,157, unless they approve otherwise pursuant to Paragraph IV.C.1.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

Docusign Envelope ID: 8207530C-B558-4E83-9A85-AC1BBC4ED42A

C.     Notwithstanding the foregoing, in the event the Parties do not obtain Final Approval and the Action is not dismissed, or if either Party withdraws from the Agreement pursuant to this Paragraph, the provisions set forth in Article V, VIII, and this Article XIV shall remain in force.

## XV.    BINDING AGREEMENT

This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of MEAA and to its respective administrators, representatives, executors, successors, and assigns.

## XVI.   ARM'S LENGTH TRANSACTION; MATERIALITY OF TERMS

The Parties have negotiated all the terms and conditions of this Agreement at arm's length and with the assistance of the Mediator at the Mediation. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

## XVII.  WAIVERS, ETC. TO BE IN WRITING

No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's Preliminary or Final Approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party,

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

## XVIII. CAPTIONS

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

## XIX. CONSTRUCTION

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

## XX. SOLE AND ENTIRE AGREEMENT

This Agreement, including Exhibits A through E attached hereto, sets forth the entire agreement between the Parties hereto. This Agreement fully supersedes any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof. This Agreement may only be modified in writing executed by all Parties hereto.

## XXI. EXTENSIONS OF TIME

If any deadlines related to this Agreement cannot be met, Class Counsel and Counsel for MEAA shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement. In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court for modification of the dates and deadlines in this Agreement.

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

## XXII.  FACSIMILE/ELECTRONIC SIGNATURES

Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.  An electronic signature (e.g., DocuSign) shall have the same force and effect as the original signature.

## XXIII. THIRD PARTY BENEFICIARIES

The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third party beneficiaries other than third parties that are identified as Released Parties as defined in Paragraph I.FF.

## XXIV. COUNTERPARTS

This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

**NAMED PLAINTIFFS:**

DATED: 04 / 08 / 2025 _____    By: _____
Jason Thomas

DATED: 04 / 14 / 2025 _____    By: _____
Joseph Horner

**MITSUBISHI ELECTRIC
AUTOMOTIVE AMERICA, INC.:**

DATED: 4/15/2025 _____    By: _____
On Behalf of MEAA

**CLASS COUNSEL AS TO FORM
AND CONTENT:**

HKM Employment Attorneys LLP

DATED: _04 / 08 / 2025_____

By: _J. Corey Asay_____

Doc ID: 1005ca557fab859b6d7ad39f78a7e03179cf07e2

# Exhibit A

*Thomas et al. v. Mitsubishi Electric Automotive America, Inc., No. 1:24-cv-422 (S.D. Ohio)*

**NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE ACTION
LAWSUIT AND FAIRNESS HEARING**

*A court authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY. <u>YOU MUST TAKE ACTION</u> TO
EITHER CLAIM YOUR SHARE OF A SETTLEMENT OR TO EXCLUDE
YOURSELF FROM THE SETTLEMENT.**

- Jason Thomas and Joseph Horner (the "Employees"), former employees of Mitsubishi Electric Automotive America, Inc. ("MEAA"), sued MEAA in a lawsuit called *Thomas et al. v. Mitsubishi Electric Automotive America, Inc.*, Case No. 1:24-cv-422, in the United States District Court for the Southern District of Ohio (the "Court"). The Employees argue that they and other non-exempt employees of MEAA at its facilities in Mason, Ohio and Maysville, Kentucky were not paid for all time worked and are owed unpaid overtime wages, minimum wages, other wages, and other damages from MEAA (the "Lawsuit"). MEAA denies that it has failed to properly pay employees and denies that it engaged in any wrongdoing of any kind.

- This Notice is being sent to current and former hourly employees of MEAA who worked at the Mason, Ohio and/or Maysville, Kentucky facility ("Settlement Class Employees") at any time between October 24, 2021 and May 11, 2024 (the "Covered Period").

- The Employees and MEAA agreed to this proposed settlement solely to avoid the burden, expense, inconvenience, and uncertainty of litigation for all parties. The Court preliminarily approved this settlement, but the Court has not made any decisions regarding the validity or merits of the Employees' claims, and no side has won the Lawsuit.

- **<u>You are eligible to receive money from this settlement and must take action to receive a payment.</u>** You have received this Notice because MEAA's records indicate that you worked as a Settlement Class Employee during the Covered Period and are eligible to participate in the settlement. If you submit a properly completed Claim Form & Release ("Claim Form") enclosed with this Notice by [insert deadline] and the Court grants final approval of the settlement, you will receive a payment currently estimated at approximately $XX (the final number will depend on how many Settlement Class Members submit the forms by the deadline), that will be sent to you by mail. The ultimate amount of the settlement payment you are eligible to receive as a participating individual in the settlement, i.e., a "Participating Class Member," may be higher or lower, but it will be based on the number weeks you worked during the Covered Period. ***<u>If you do not submit a Claim Form, you will not receive or otherwise be entitled to any monetary settlement payment.</u>***

- You are not obligated to participate in the settlement, but all of the settlement funds will be paid to Settlement Class Members regardless of whether you participate. Therefore, a decision to refrain from participation will not benefit MEAA.

1

- If you want to keep a right to bring your own lawsuit against MEAA for unpaid wages or unpaid overtime, you must opt-out of this settlement by submitting an Opt-Out Statement (described in Section 6 below) by [date]. If you opt out of the settlement, you will not receive or otherwise be entitled to any monetary settlement payment, and you will not release any of your possible wage and hour claims against MEAA.

- If you do not submit a Claim Form (to get settlement payout) and you also do not submit an Opt-Out Statement, you will not receive or otherwise be entitled to any monetary settlement payment, and you will not release any of your possible wage and hour claims against MEAA under federal law, or overtime claims under Ohio law, but you will release your other possible wage and hour claims against MEAA under state and local law.

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will only be made if and when the Court approves the settlement and after any appeals are resolved.  Please be patient.

**PLEASE READ THIS NOTICE CAREFULLY AS IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM AND OBTAIN A PAYMENT** | If you wish to participate in the settlement and receive a settlement payment, complete and mail back the enclosed "Claim Form" to the Settlement Administrator, as discussed in Section 4 below.  An electronic Claim Form may also be submitted through the case website: **[insert case website address]**  The Claim Form must be postmarked (if mailed) or received (if submitted via the case website) by **[Insert Date]**.  If you choose to participate in the settlement, you will release the claims discussed in Section 9 below. |
| **DO NOTHING** | By **NOT** submitting either the completed enclosed Claim Form or an Opt-Out Statement by **[Insert Date]**, you will not receive any payment or other benefits of the settlement, but you will release Ohio and Kentucky state and local law claims described in Section 9 of this Notice. You will not release federal claims described in Section 9 below. |
| **OPT OUT** | If you timely submit an Opt-Out Statement, you will not receive any payment or other benefits of the settlement, and you will not release any claims that you may have against MEAA. |
| **OBJECT** | You may write to the Court about why you object to the settlement.  If you submit an Opt-Out Statement, however, you cannot object to the settlement. More information about objecting is set forth in Sections 7 and 8 below. |

| 1. | WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|---|

This Notice explains the terms of the settlement, your rights, and what claims are being released by Settlement Class Employees who participate in the settlement. If the settlement is given final approval by the Court, MEAA will create a settlement fund of up to $515,000.00 total.

| 2. | WHAT DOES THE SETTLEMENT PROVIDE? |
|---|---|

MEAA has agreed to pay up to a maximum of $515,000.00 to be allocated among Settlement Class Members based upon the number of weeks worked at its facility or facilities in Mason, Ohio and/or Maysville, Kentucky during the Covered Period. The settlement fund will cover settlement payments to each eligible Participating Class Member, Service Payments of up to $10,000.00 to Named Plaintiff Jason Thomas and $2,500.00 to Named Plaintiff Joseph Horner for their service in obtaining this settlement, the employees' share of payroll taxes, attorneys' fees of up to one-third (1/3) of the settlement fund and reasonable costs and expenses incurred up to $15,000.00, the costs of the Settlement Administrator to facilitate this settlement, and a reserve fund to potentially pay disputed and untimely claims. The value of uncashed checks may be redistributed to a charitable purpose.

| 3. | HOW MUCH MONEY WILL I GET IF I SUBMIT A CLAIM FORM AND HOW WAS IT CALCULATED? |
|---|---|

If you submit a Claim Form and the settlement is approved, the Settlement Administrator will deduct from the settlement fund the amounts needed to cover approved attorney's fees, costs, settlement administration expenses, Service Payments, employee payroll taxes and the reserve fund, and will pay claims from the remaining "Net Settlement Amount." Based on the allocation formula that has been preliminarily approved by the Court, if the Court grants Final Approval of the settlement and you participate in the settlement, you will be receiving a gross settlement payment of approximately $XX. The allocation formula takes into account the number of weeks you worked as a Settlement Class Employee during the Covered Period relative to the aggregate total weeks worked by all Settlement Class Employees during the Covered Period. The settlement Agreement contains the exact allocation formula. You may obtain a copy of the settlement Agreement by following the instructions in Section 14 below.

One-half of the gross settlement payment will be considered wages, and taxes will be withheld from that portion. The other half will be considered non-wage compensation and taxes will not be withheld from that portion. Please consult your tax advisor or accountant regarding the taxability of this settlement payment. You are solely responsible for the payment of any taxes on payments reported as non-wage income, as well as reimbursing MEAA if it is required to pay any taxes, interest, or penalties on such payments. Class Counsel and MEAA's counsel make no representations regarding the taxability of your settlement payment.

| 4. | HOW DO I GET MY PAYMENT? |
|---|---|

To participate in the settlement and receive a settlement payment, you must return a properly completed Claim Form in the enclosed pre-stamped return envelope, by mailing or emailing it to the Settlement Administrator, or by submitting an electronic Claim Form through the case website: **[insert case website address]**

The Claim Form must be postmarked or received no later than [**date**]. A Claim Form is included with this Notice. The Settlement Administrator's contact information is:

**[INSERT]**
[insert address]
[insert phone number]
**[insert email address]**

Payment will only be made if the Court finally approves the settlement, so we do not know when checks will be sent to you.

**Checks that are not cashed within 90 days of issuance will be null and void.**

| 5. | WHAT IF MY NAME OR ADDRESS CHANGES BEFORE I RECEIVE MY SETTLEMENT PAYMENT? |
|---|---|

If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which the Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name and/or Address Information Form (enclosed with this Notice as Form A).

| 6. | HOW CAN I OPT OUT OF THE SETTLEMENT? |
|---|---|

If you do not want to participate in the settlement or release any claim that you might have, you must submit a written, signed Opt-Out Statement which specifically states, "**I elect to exclude myself from the settlement in *Thomas v. Mitsubishi Electric Automotive America, Inc.*"** The Statement must be mailed to the Settlement Administrator listed in Section 4 and be postmarked no later than [**insert date**]. You must include your name, address and telephone number in the Statement and must sign it.

If you do not affirmatively opt out, you will continue to be a "Class Member." This means that if the settlement is approved, you will release the Released State and Local Law Claims described below in Section 9, and you will be prohibited from bringing or participating in any other lawsuits concerning those claims against MEAA or the Released Parties. It also means that all of the Court's orders in this Lawsuit will apply to you.

| 7. | WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT? |
|---|---|

If you do not opt-out of the settlement but believe the proposed settlement is unfair or inadequate in any respect, you may object to the settlement by filing a written objection with the Court and mailing a copy of your written objection to the Settlement Administrator by the deadline noted below.

All objections must be signed and include your address, telephone number, and the name of the Action. Your objection should clearly explain why you object to the proposed settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. An objector has the right to appear in person at the Fairness Hearing (explained in Section 10 below), but is not required to do so in order to have their objections considered by the Court. All objections must be filed with the Court, received by the Settlement Administrator, and postmarked, in each case by no later than [DATE]. If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Class Member who does not timely object waives any objections.

| 8. | WHAT'S THE DIFFERENCE BETWEEN OPTING OUT AND OBJECTING? |

Objecting is telling the Court that you do not like something about the settlement and asking the Court not to approve the settlement, or to approve it but with different terms. You can object only if you remain a Class Member; you cannot opt-out. Opting out is telling the Court that you do not want to be a Class Member regardless of whether the settlement is approved. If you opt-out, you will have no basis to object because the case does not impact you. If you submit both opt-out and object, the Settlement Administrator will attempt to contact you to determine whether you intended to object or opt-out. If the Settlement Administrator is unable to contact you, the opt-out will be accepted and the objection rejected.

| 9. | WHAT CLAIMS AM I RELEASING BY PARTICIPATING IN THE SETTLEMENT? |

If you do not request exclusion from the settlement in accordance with Section 6 above, you will participate in the Action and settlement. By participating in the Action and settlement you confirm you consent and agree to be bound by any adjudication of this Action by the Court and to the terms of the Settlement Agreement. You also agree to release, waive and forever discharge MEAA and its present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them (the "Released Parties") from any and all Ohio and Kentucky state and local claims arising from your employment by MEAA that have been asserted in the Action, that are to be asserted by way of amendment of the Complaint, and any and all other claims, known or unknown, of any conceivable kind or nature whatsoever that are based on the pleadings in this matter or that

are reasonably related thereto through the date of Preliminary Approval, in law or in equity, including without limitation (as outlined below) all wage and hour claims under the laws of the State of Ohio (further including without limitation the Ohio Prompt Pay Act, R.C. § 4113.15), the State of Kentucky (further including without limitation KRS 337.020-337.385), and/or any other state and local statute, regulation, constitutional provision, common law doctrine (including without limitation claims for express or implied contract or in tort), public policy, or other source of law, for failure to pay minimum wages; failure to pay overtime wages; failure to pay for all hours worked (including without limitation straight-time wages); and any and all claims for recovery of compensation, overtime pay, minimum wages, other wages, premium pay, interest, liquidated damages, punitive damages and/or penalties that are related or derivative of the claims released in this provision, and attorneys' fees and costs (the "Released State and Local Law Claims").

In addition, if you submit a Claim Form, you waive and release the Released Parties from any and all federal claims, and claims arising under Ohio Revised Code § 4111.03 *et seq.*, arising from your employment by MEAA that have been asserted in the Action, that are to be asserted by way of amendment of the Complaint, and any and all other claims, known or unknown, of any conceivable kind or nature whatsoever that are based on the pleadings in this matter or that are reasonably related thereto through the date of Preliminary Approval, in law or in equity, including without limitation all claims under 29 U.S.C. § 206, 207, 211(c), 215(a), or any other provision of the FLSA, and R.C. § 4111.03, further including without limitation all claims for failure to pay minimum wages; failure to pay overtime wages; failure to pay for all hours worked (including without limitation straight-time wages); failure to timely pay final wages; failure to reimburse for business expenses; failure to furnish accurate wage statements or other notices; failure to keep accurate records; and any and all claims for recovery of compensation, overtime pay, minimum wages, other wages, premium pay, interest, liquidated damages, punitive damages and/or penalties, that are related or derivative of the claims released in this provision, and attorneys' fees and costs (the "Released Federal Law Claims"), effective as of the date the Settlement Administrator mails your settlement check.

| 10. | WHEN WILL I GET MY PAYMENT? |
|-----|------------------------------|

The Court will hold a hearing on _____, at _____ to determine whether to approve the settlement. If the Court approves the settlement, there may be appeals after that, although it is unlikely. Resolving appeals can take time, perhaps more than a year. Settlement checks will be issued once the Court approves the settlement and any appeals have expired. Please be patient.

| 11. | WHEN IS THE FAIRNESS HEARING? |
|-----|-------------------------------|

As noted, a hearing before the Court will be held on _____, at _____ (the "Fairness Hearing"). The Fairness Hearing may be rescheduled and/or converted to telephonic or video hearing without further notice to Class Members. Therefore, if you wish to attend, you should confirm hearing details with Class Counsel, as outlined in this notice. The purpose of this hearing will be for the Court to determine whether the settlement is fair, adequate, and reasonable

and if it should be approved by the Court. The Court will take into account any objections filed in accordance with the procedures described above.

## 12. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary.

## 13. DO I HAVE A LAWYER IN THIS CASE AND HOW WILL THEY BE PAID?

The Court has decided that the lawyers at HKM Employment Attorneys LLP are qualified to represent you and all individuals covered by this settlement. These lawyers are "Class Counsel." You will not be charged for these lawyers because their fees and costs will be paid from the total settlement fund as approved by the Court. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment for their reasonable out-of-pocket costs up to a certain amount. You do not need to retain your own attorney to participate in this settlement.

## 14. WHAT WILL THE NAMED PLAINTIFFS RECEIVE?

In addition to their respective shares of the Net Settlement Amount, to be determined as described above, the Court has preliminarily approved Service Payments of up to $10,000.00 to Named Plaintiff Jason Thomas and $2,500.00 to Named Plaintiff Joseph Horner in recognition of the risks they took and their service to Class Members.

## 15. WHAT IF I HAVE QUESTIONS OR WANT TO EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed settlement or all of the details of these proceedings. For more detailed information, you can contact Class Counsel at:

HKM Employment Attorneys LLP
**[INSERT ADDRESS]**
Telephone: **[INSERT]**
E-mail: **[INSERT]**

More details are in the settlement Agreement. You are encouraged to read it. To the extent there is any inconsistency between this Notice and the settlement Agreement, including between the description of the releases as provided in Section 9 above and the description of the releases as provided in the settlement Agreement, the provisions in the settlement Agreement control. You may obtain a copy of the settlement Agreement by sending a request, in writing, to:

**[INSERT]**
[Contact Info for Settlement Administrator]

You may also examine the court records in-person at the Clerk's Office located at:

Potter Stewart U.S. Courthouse
Room 103
100 East Fifth Street
Cincinnati, Ohio 45202

**Please do not contact the Court about this Notice.**

# FORM A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **JASON THOMAS AND JASON HORNER**, *individually and on behalf of those similarly situated*, | CASE NO. 1:24-cv-422 |
| Plaintiffs, | Judge Douglas R. Cole |
| v. | |
| **MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.,** | DRAFT |
| Defendant. | |

**CHANGE OF NAME AND/OR ADDRESS INFORMATION FORM**

**Instructions:**  Please complete this Change of Name and/or Address Information Form **only** if you wish to change your name and/or mailing address information.

**Former Name and Mailing Address**:

Name (first, middle, and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number:  (_____) _____

**New Name and Mailing Address**:

Name (first, middle, and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number:  (_____) _____

   I understand that all future correspondence in this Action, including, but not limited to, important notices or payments to which I am entitled (if any), will be sent to the new address listed above and not to the address previously used. I hereby request and consent to use the address listed above for these purposes.

Dated: _____

_____
(Signature)

_____
(Print Name)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

[Settlement Administrator's Address]

# Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **JASON THOMAS AND JOSEPH HORNER,** *individually and on behalf of those similarly situated*, | CASE NO. 1:24-CV-422-DRC-SKB |
| Plaintiffs, | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT** |
| v. | |
| **MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.**, | |
| Defendant. | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, having carefully considered the Motion and the record, the Court will **GRANT** the motion.

The Court Orders as follows:

1.      The Court hereby preliminarily approves the Class and Collective Action Settlement Agreement (the "Settlement") attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval.  This is based on the Court's determination that, pursuant to applicable law, the Settlement is fair and reasonable and within the range of possible final approval.

2.      This Order incorporates by reference the definitions in the Settlement, and all terms defined herein shall have the same meaning in this Order as set forth in the Settlement.

3.      It appears to the Court on a preliminary basis that the settlement amount and terms of the Settlement are fair, adequate, and reasonable as to all potential Settlement Class Employees when balanced against the probable outcome of further litigation and the significant risks relating to certification, liability and damages for all parties.  It further appears that investigation and research have been conducted such that counsel for the Parties are able  to

1

reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by further prosecution of this litigation. Based on the submitted materials, it appears that the Settlement has been reached as a result of serious and non-collusive, arms-length negotiations, with both sides represented by experienced counsel familiar with the applicable facts and law. Additionally, the proposed Settlement was reached after: (1) extensive informal discovery, including exchanging documents and business records, and (2) a full day mediation with an experienced mediator. Thus, the Court preliminarily finds the Settlement is fair, adequate, and reasonable when balanced against the probable outcome of further litigation and the significant risks and delays associated therewith.

4.      The Settlement specifies for Plaintiffs' attorneys' fees not to exceed 1/3 of the Maximum Settlement Fund, an award of litigation expenses incurred (not to exceed $15,000), and a proposed payment to the Named Plaintiffs in exchange for a general release. The Court will review these issues in more detail in connection with the Final Settlement Approval Hearing.

5.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), two Rule 23 classes of persons: (a) all non-exempt employees of Mitsubishi Electric Automotive America, Inc. ("MEAA") who worked at its facility in Mason, Ohio at any point from October 24, 2021 to May 11, 2024 (the "Mason, Ohio Settlement Class"); and (b) all non-exempt employees of MEAA who worked at its facility in Maysville, Kentucky at any point from October 24, 2021 to May 11, 2024 (the "Maysville, Kentucky Settlement Class"), together the Settlement Class.

6.     For settlement purposes only, the Court concludes that the Settlement Class preliminarily meets the requirements for Rule 23 certification.  The Settlement Class is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(3).  Pending the outcome of the final fairness hearing, all members of the Settlement Class are preliminarily enjoined from commencing, prosecuting, or maintaining any claim already asserted in, and encompassed by, this litigation.

7.     In addition, the Court finds that, for settlement purposes only, and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), court-supervised notice should be sent to all Settlement Class Employees.  Pursuant to Section 216(b) of the Fair Labor Standards Act, the Court finds that, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), all persons employed as non-exempt employees of MEAA who worked at its facility in Mason, Ohio at any point from October 24, 2021 to May 11, 2024 and all persons employed as non-exempt employees of MEAA who worked at its facility in Maysville, Kentucky at any point from October 24, 2021 to May 11, 2024 are, respectively, similarly situated under Section 216(b).

8.     The Court provisionally appoints J. Corey Asay of HKM Employment Attorneys LLP as Class Counsel.

9.     The Court preliminarily appoints Jason Thomas and Joseph Horner as Class Representatives.

10.     The Court appoints ILYM Group, Inc. as the Settlement Administrator.

11.     The Parties are authorized to send notice of the proposed settlement pursuant to 29 U.S.C. 216(b) and Rule 23 to all Settlement Class Employees.  Notice shall be sent in accordance

with the procedures set forth in the Parties' Settlement Agreement.

12.     The Court approves, as to form and content, the Proposed Notice attached to the Settlement Agreement as **Exhibit A**.  The Court finds that the procedures for notifying the members of the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and Final Settlement Approval Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the States of Ohio and Kentucky, and other applicable laws.  The notices are accurate, objective, and informative and provides Settlement Class Employees with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

13.     The deadline for Settlement Class Employees to opt out of this Settlement or to file objections and/or comments to the Settlement Agreement shall be sixty days after the Notice and Claim Forms are initially mailed by the Settlement Administrator. Objections shall only be considered if the Settlement Class Employee has not opted out of the Settlement.  No Settlement Class Member shall be heard at the Final Settlement Approval Hearing (whether individually or through counsel), unless written notice of the person's intention to appear at the Final Settlement Approval Hearing has been mailed to the Settlement Administrator on or before the Participation Deadline. The postmark date, email timestamp, or electronic submission timestamp, shall be the exclusive means for determining that an objection is timely.

14.     A  Final Settlement Approval Hearing  shall  be  held  before  this  Court  on _____ at _____ am/pm in the United States District Court for the Southern District of Ohio.  At the hearing, the Court will hear arguments concerning whether the proposed

settlement is fair, adequate and reasonable and should be finally approved by the Court. The Court will further consider whether to approve Plaintiffs' attorneys' fees and costs and the payment to the Named Plaintiffs in exchange for a general release. All papers in support of final approval and Plaintiffs' unopposed motion for attorneys' fees, costs, and a payment to the Named Plaintiffs shall be filed with the Court no later than 14 days in advance of the Final Settlement Approval Hearing.

15.     The Court reserves the right to adjourn or continue to the date of the Final Settlement Approval Hearing and all dates provided for in the Agreement without further notice to Settlement Class Employees, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

16.     In the event that the Effective Date as defined in the Agreement does not occur, the Settlement, the Agreement, and this Order shall be deemed null and void and shall have no effect whatsoever, other than the publicity provisions in Article VIII, and the non-admission provisions in Article V of the Agreement, which shall remain in effect. In such case, nothing in the Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

**IT IS SO ORDERED**

_____

Douglas R. Cole
United States District Judge

5

# Exhibit C

**EXHIBIT C**
**CLAIM FORM AND RELEASE**

*Thomas et al. v. Mitsubishi Electric Automotive America, Inc., No. 1:24-cv-422 (S.D. Ohio)*

**TO RECEIVE A PAYMENT FROM THE SETTLEMENT IN THIS ACTION, YOU <u>MUST</u> COMPLETE, SIGN AND RETURN THIS CLAIM FORM.**

**THE CLAIM FORM MUST BE POSTMARKED OR RECEIVED BY NO LATER THAN _____, 2025**

**RETURN TO:**
***Thomas et al. v. Mitsubishi Electric Automotive America, Inc.***
**[INSERT SETTLEMENT ADMINISTRATOR]**
**[ADDRESS /PHONE/FAX/EMAIL]**
**[insert case website address]**

Your Claim Number is _____.  Your PIN is _____.

The records of Mitsubishi Electric Automotive America, Inc. ("MEAA") indicate that you were employed by MEAA at some point between (and including) October 24, 2021 and May 11, 2024 (the "Covered Period") as a non-exempt employee at its facility or facilities in Mason, Ohio and/or Maysville, Kentucky, and are eligible to participate in the settlement and the Settlement Agreement summarized in the Notice.  Based on this, the estimated gross Individual Settlement Amount you will receive if you timely submit this completed form is $ _____.  The ultimate amount of the Individual Settlement Amount you will are eligible to receive as a participating individual in the settlement, i.e., a "Participating Class Member," may be higher or lower, but it will be based on the number of workweeks you worked during the Covered Period.  If you do not submit a Claim Form, you will not receive or otherwise be entitled to any Individual Settlement Amount.

By signing and returning this form, you are claiming your Individual Settlement Amount as described above and in the Settlement Agreement, and you are consenting to join the above-captioned settled lawsuit brought to recover wages under the federal Fair Labor Standards Act ("FLSA") and state law.  The Court has already reviewed and preliminarily approved the terms of the settlement.

By signing and returning this form, you acknowledge that you are waiving and releasing MEAA and the other Released Parties from the Released State and Local Law Claims and the Released Federal Law Claims (together, the "Released Claims"), including without limitation claims under the FLSA, as described in the Notice and Agreement, and are agreeing not to sue MEAA or any of the other Released Parties for any such Released Claims.  You agree to be bound by this Settlement and not to sue or otherwise make a claim against any of the Released Parties as to any of the Released Claims.

1

**CONSENT TO BECOME A PARTY PLAINTIFF**

I, the undersigned, whom MEAA employed as a non-exempt employee and who worked at its facility or facilities in Mason, Ohio and/or Maysville, Kentucky at any point from October 24, 2021 to May 11, 2024, hereby opt into and consent to be a party Plaintiff in this lawsuit, which is an action to recover allegedly unpaid wages, including without limitation overtime compensation not paid pursuant to the requirements of the Fair Labor Standards Act. By my signature below, I designate the Named Plaintiffs and their attorneys as my representatives to make decisions on my behalf concerning the litigation, the manner and methods of conducting this litigation and decisions regarding settlement, attorneys' fees and costs and all other matters pertaining to this lawsuit. I understand that while I have the right to choose other counsel and pursue my claims on my behalf, I choose to be represented by Class Counsel from HKM Employment Attorneys LLP, including J. Corey Asay thereof and other attorneys with whom they may associate.


Date: _____          _____
                                                    (Sign your name here)

---

**CORRECTIONS OR ADDITIONAL INFORMATION**

Write any name and address corrections below if any is necessary **OR** if there is no preprinted data, please provide your name (including any name you used while employed at MEAA) and address here:

Name: _____
            (include any name(s) you used while employed at MEAA)

Address: _____

# Exhibit D

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **JASON THOMAS AND JOSEPH HORNER**, *individually and on behalf of those similarly situated*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.**,<br><br>　　　　　　Defendant. | CASE NO. 1:24-cv-422<br><br>Judge Douglas R. Cole |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

The Court, having considered the parties' Class and Collective Action Settlement Agreement ("Agreement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the Fair Labor Standards Act of 1938, hereby finds and orders as follows:

1.　　　Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Agreement.

2.　　　The Court has jurisdiction over the subject matter of this action, the Named Plaintiffs, Mitsubishi Electric Automotive America, Inc. ("MEAA"), and the Settlement Class Employees.

3.　　　The Court finds that the settlement of this Action as reflected in the Agreement (the "Settlement") was the product of protracted, arms-length negotiations and a full-day in-person mediation between the parties including experienced counsel well-versed in the prosecution of wage and hour class and collective actions. The Court grants final approval of the parties' Agreement and the Settlement reflected therein, including the releases and other terms, as fair,

1

reasonable and adequate as to the Parties and the Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

4.     The Court finds that there were _____ written objections to the Settlement. The Court finds that these objections are without merit and are overruled.  The Court further finds that the only Settlement Class Employees who submitted valid and timely Opt Out Statements were **[insert names or reference Exhibit A]**

5.     The Court finds that the procedures for notifying the Settlement Class Employees about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Settlement Class Employees, and fully satisfied all necessary requirements of due process.  Based on the evidence and other materials submitted to the Court, the Class Notice provided adequate, due, sufficient and valid notice of the Settlement.

6.     The Court finds, for settlement purposes only, that the Settlement Class Employees satisfy the applicable standards for certification under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

7.     The Court hereby confirms its prior appointment of HKM Employment Attorneys LLP, including J. Corey Asay thereof, as Class Counsel, having met all of the requirements under Federal Rule of Civil Procedure 23(g).

8.     The Court hereby confirms its prior appointment of _____ as the Settlement Administrator.

9.     Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved as follows:  Class Counsel are hereby awarded $_____ for attorneys' fees and $_____ for reimbursement of litigation costs and expenses, which the Court finds were

2

reasonably incurred in prosecution of this case. Such amounts shall be paid from the Maximum Settlement Fund.

9.     The Service Payments for Named Plaintiffs, as set forth in Article III.C of the Agreement, are approved to compensate them for their unique services in maintaining this Action. Named Plaintiffs Jason Thomas and Joseph Horner are hereby awarded Service Payments in the gross amounts of $10,000 and $2,500 respectively, to be paid from the Maximum Settlement Fund.

10.     Class Counsel's request for Settlement Administration Costs is approved as follows: _____ is awarded $_____ in Settlement Administration Costs, to be paid from the Maximum Settlement Fund.

11.     Nothing relating to this Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or the other Released Parties of any liability, culpability, negligence, or wrongdoing toward the Plaintiff, the Class Members, or any other person, or that class or collective action certification is appropriate in this or any other matter.  There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendant or as to whether a class should be certified, other than for settlement purposes only.  Furthermore, nothing in this Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendant or the other Released Parties.

12.     The action is dismissed on the merits and with prejudice, and Named Plaintiffs, Class Members, and anyone acting on their behalf shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class

or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

13.     The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Agreement and this Final Approval Order.

14.     The Parties are ordered to carry out the Settlement as provided in the Agreement.

15.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


Dated: This ___ day of ____, 2025      BY THE COURT:

_____
DOUGLAS R. COLE
United States District Judge
Southern District of Ohio

# Exhibit E

# Morgan Lewis

**Jonathan D. Lotsoff**
+1.312.324.1000
jonathan.lotsoff@morganlewis.com

**[INSERT DATE]**

Pamela Bondi
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re:    *Thomas et al. v. Mitsubishi Electric Automotive America, Inc., No. 1:24-cv-422*
       *(S.D. Ohio)*
       Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715.

Dear CAFA Coordinator:

Defendant Mitsubishi Electric Automotive America, Inc. ("MEAA") hereby provides this notice of a proposed class action settlement in the above-referenced class action (the "Action") pursuant to the Class Action Fairness Act of 2005 ("CAFA"). In accordance with CAFA, Defendant encloses copies of the following:

(A)    A copy of the most recent operative complaint;

(B)    The Motion for Preliminary Approval and supporting documents filed by Plaintiff, which includes the proposed Class and Collective Action Settlement Agreement and a proposed Notice of Proposed Settlement of the Class and Collective Action Lawsuit and Fairness Hearing and Claim Form describing the Action and how class members may request exclusion from the class action settlement;

(C)    A list of class members who reside in each applicable state identified according to Defendant's available records[1]; and

(D)    **[IF ENTERED:** The Preliminary Approval Order.]

---

[1] This list is premised on information currently available to Defendant. In the event that updated contact information is located by the Settlement Administrator or by the parties during the administration process, there may be certain additional individuals who may be eligible to participate in this settlement.

**Morgan, Lewis & Bockius** LLP

110 North Wacker Drive,
Suite 2800
Chicago, IL  60606          **T** +1.312.324.1000
United States                **F** +1.312.324.1001

**[INSERT DATE]**
Page 2

Pursuant to CAFA, you are not required to comment on the settlement. However, if you wish to comment, you must do so within ninety (90) days of being served with this notice. *See* 28 U.S.C. §1715(d).

The Court has [not yet scheduled a final approval hearing **OR** scheduled a final approval hearing for _____] in order to consider: (a) making a final determination as to certification of the class pursuant to Rule 23 and of the fairness, adequacy and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and Service Payment to Plaintiff; (c) hearing any timely and properly filed objections; and (d) entering judgment. [The final approval hearing will take place in _____, located at _____.]

Under the terms of the Settlement Agreement, the expected payment amounts to class members will depend upon a number of factors. Therefore, it is not feasible to reliably estimate the proportionate share of the claims of the class members. The formula for the allocation of the Net Settlement Amount is set forth in Article III.A of the Settlement Agreement.

If you have questions about this notice, the lawsuit or the enclosed materials, or if you did not receive any of the above-listed materials, please contact us.

Sincerely,

*/s/ Jonathan D. Lotsoff*

Jonathan D. Lotsoff

Counsel for Defendant Mitsubishi Electric
Automotive America, Inc.

cc: Counsel for Plaintiff (w/o Encl.)

Notice will also be sent to the appropriate State officials, including:

Dave Yost
Ohio Attorney General
30 E. Broad St., 14th Floor
Columbus, OH 43215

Russell Coleman
Attorney General of Kentucky
700 Capital Ave., Suite 118
Frankfort, KY 40601