# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **JASON THOMAS AND JOSEPH HORNER,** *individually and on behalf of those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.,**<br><br>Defendant. | CASE NO. 1:24-CV-422-DRC-SKB<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, having carefully considered the Motion and the record, the Court will **GRANT** the motion.

The Court Orders as follows:

1. The Court hereby preliminarily approves the Class and Collective Action Settlement Agreement (the "Settlement") attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval. This is based on the Court's determination that, pursuant to applicable law, the Settlement is fair and reasonable and within the range of possible final approval.

2. This Order incorporates by reference the definitions in the Settlement, and all terms defined herein shall have the same meaning in this Order as set forth in the Settlement.

3. It appears to the Court on a preliminary basis that the settlement amount and terms of the Settlement are fair, adequate, and reasonable as to all potential Settlement Class Employees when balanced against the probable outcome of further litigation and the significant risks relating to certification, liability and damages for all parties. It further appears that investigation and research have been conducted such that counsel for the Parties are able to

reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by further prosecution of this litigation. Based on the submitted materials, it appears that the Settlement has been reached as a result of serious and non-collusive, arms-length negotiations, with both sides represented by experienced counsel familiar with the applicable facts and law. Additionally, the proposed Settlement was reached after: (1) extensive informal discovery, including exchanging documents and business records, and (2) a full day mediation with an experienced mediator. Thus, the Court preliminarily finds the Settlement is fair, adequate, and reasonable when balanced against the probable outcome of further litigation and the significant risks and delays associated therewith.

4. The Settlement specifies for Plaintiffs' attorneys' fees not to exceed 1/3 of the Maximum Settlement Fund, an award of litigation expenses incurred (not to exceed $15,000), and a proposed payment to the Named Plaintiffs in exchange for a general release. The Court will review these issues in more detail in connection with the Final Settlement Approval Hearing.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), two Rule 23 classes of persons: (a) all non-exempt employees of Mitsubishi Electric Automotive America, Inc. ("MEAA") who worked at its facility in Mason, Ohio at any point from October 24, 2021 to May 11, 2024 (the "Mason, Ohio Settlement Class"); and (b) all non-exempt employees of MEAA who worked at its facility in Maysville, Kentucky at any point from October 24, 2021 to May 11, 2024 (the "Maysville, Kentucky Settlement Class"), together the Settlement Class.

6. For settlement purposes only, the Court concludes that the Settlement Class preliminarily meets the requirements for Rule 23 certification. The Settlement Class is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(3). Pending the outcome of the final fairness hearing, all members of the Settlement Class are preliminarily enjoined from commencing, prosecuting, or maintaining any claim already asserted in, and encompassed by, this litigation.

7. In addition, the Court finds that, for settlement purposes only, and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), court-supervised notice should be sent to all Settlement Class Employees. Pursuant to Section 216(b) of the Fair Labor Standards Act, the Court finds that, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), all persons employed as non-exempt employees of MEAA who worked at its facility in Mason, Ohio at any point from October 24, 2021 to May 11, 2024 and all persons employed as non-exempt employees of MEAA who worked at its facility in Maysville, Kentucky at any point from October 24, 2021 to May 11, 2024 are, respectively, similarly situated under Section 216(b).

8. The Court provisionally appoints J. Corey Asay of HKM Employment Attorneys LLP as Class Counsel.

9. The Court preliminarily appoints Jason Thomas and Joseph Horner as Class Representatives.

10. The Court appoints ILYM Group, Inc. as the Settlement Administrator.

11. The Parties are authorized to send notice of the proposed settlement pursuant to 29 U.S.C. 216(b) and Rule 23 to all Settlement Class Employees. Notice shall be sent in accordance

with the procedures set forth in the Parties' Settlement Agreement.

12. The Court approves, as to form and content, the Proposed Notice attached to the Settlement Agreement as **Exhibit A**. The Court finds that the procedures for notifying the members of the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and Final Settlement Approval Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the States of Ohio and Kentucky, and other applicable laws. The notices are accurate, objective, and informative and provides Settlement Class Employees with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

13. The deadline for Settlement Class Employees to opt out of this Settlement or to file objections and/or comments to the Settlement Agreement shall be sixty days after the Notice and Claim Forms are initially mailed by the Settlement Administrator. Objections shall only be considered if the Settlement Class Employee has not opted out of the Settlement. No Settlement Class Member shall be heard at the Final Settlement Approval Hearing (whether individually or through counsel), unless written notice of the person's intention to appear at the Final Settlement Approval Hearing has been mailed to the Settlement Administrator on or before the Participation Deadline. The postmark date, email timestamp, or electronic submission timestamp, shall be the exclusive means for determining that an objection is timely.

14. A Final Settlement Approval Hearing shall be held before this Court on _____ at _____ am/pm in the United States District Court for the Southern District of Ohio. At the hearing, the Court will hear arguments concerning whether the proposed

settlement is fair, adequate and reasonable and should be finally approved by the Court. The Court will further consider whether to approve Plaintiffs' attorneys' fees and costs and the payment to the Named Plaintiffs in exchange for a general release. All papers in support of final approval and Plaintiffs' unopposed motion for attorneys' fees, costs, and a payment to the Named Plaintiffs shall be filed with the Court no later than 14 days in advance of the Final Settlement Approval Hearing.

15. The Court reserves the right to adjourn or continue to the date of the Final Settlement Approval Hearing and all dates provided for in the Agreement without further notice to Settlement Class Employees, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

16. In the event that the Effective Date as defined in the Agreement does not occur, the Settlement, the Agreement, and this Order shall be deemed null and void and shall have no effect whatsoever, other than the publicity provisions in Article VIII, and the non-admission provisions in Article V of the Agreement, which shall remain in effect. In such case, nothing in the Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

**IT IS SO ORDERED**

_____
Douglas R. Cole
United States District Judge